GRIGGS *v.* PERRIN *et al.*

(*Circuit Court, N. D. New York.* February 3, 1892.)

COPYRIGHT—INFRINGEMENT.

> The copyright of a book describing a new system of stenography does not protect the system, when considered simply as a system apart from the language by which it is explained, so as to make the illustration by another of the same system in a different book, employing totally different language, an infringement.

In Equity. Motion for a preliminary injunction. Denied.

The complainant is the owner of a copyright of a book, written by J. George Cross, entitled "Eclectic Short-Hand." At the January term, 1890, a motion was made for a preliminary injunction. The defendants denied infringement. The issue thus raised was referred to a master to take proofs and report. The master reported that the complainant's work as a literary production only was protected; that the system of phonetic writing explained in the book is not the subject of a copyright; and that there is no proof that the defendants have copied complainant's book considered merely as a literary production. The master says: "My conclusion, therefore, is that while the matter explanatory of the system, whether the system is an old one or new and original, is the subject of a copyright, the system the book illustrates is not the subject of a copyright; that there being no proof that the copyright of the Eclectic is infringed regarding it merely as an explanatory work, unless the copyright carries with it an exclusive right to the system set forth, complainant is not entitled to the relief demanded." The master does not decide that the defendants have copied the complainant's system, but he does decide that the copyright does not prevent them from publishing a different work explanatory of a similar system. The motion now comes on to be heard again upon the master's report and exceptions thereto, filed by the complainant. The testimony taken by the master has not been printed or brought to the attention of the court.

*Alfred Wilkinson,* for complainant.

*Arthur Steuart,* for defendants.

COXE, District Judge. The only question decided by the master and discussed at the argument is whether or not the copyright of a book describing a new art or system of stenography protects the system, when considered simply as a system, apart from the language by which the system is explained, so that another who illustrates the same system in a different book, employing totally different language, can be treated as an infringer. It is thought, upon the authority of *Baker* v. *Selden,* 101 U. S. 99, that the master was right in the conclusion reached by him. A party may invent a new machine and write a book describing it for which he may obtain a copyright. This does not prevent another author from describing the same machine. He must not copy the copyrighted book, but he may write one of his own. So with a process, a system or an art, the fact that one person has described it and obtained

a copyright for his description does not prevent others from describing the same art in their own language. The copyright book is sacred, but not the subject of which it treats. If the defendants have described the complainant's system they have not offended, for that reason only, against the copyright law. If they have copied complainant's book they have offended against that law. As the complainant has no right to a monopoly of the art of short-hand writing, because he has written a book explanatory of that art as developed by him, and as there is insufficient proof to show that the defendants have copied the complainant's book, considered apart from complainant's system, it follows that the exceptions disputing the master's conclusion of law must be overruled and the motion for a preliminary injunction denied.