McCARTHY & FISCHER, Inc., v. WHITE et al.

(District Court, S. D. New York. July 2, 1919.)

No. 480.

COPYRIGHTS ☞40—MUSICAL COMPOSITION—ABANDONMENT TO PUBLIC.

The public performance of a musical composition is not an abandonment of the composition to the public, which will invalidate a subsequent copyright.

In Equity. Suit by McCarthy & Fischer, Incorporated, against George White and Lou Holtz. On motion for preliminary injunction. Granted.

Nathan Burkan, of New York City, for complainant.

O'Brien, Malevinsky & Driscoll, of New York City, for defendants.

AUGUSTUS N. HAND, District Judge. This is a motion for an injunction pendente lite because of the alleged infringement of a copy-

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

righted musical composition belonging to the complainant. The affidavits seem to show that the defendants had caused the composition to be sung by defendant Holtz at vaudeville performances, at the request of the complainant, for several weeks prior to copyright. He had received a copy of the song to enable him to render it, as part of the entertainment he was giving while in the employment of the defendant White. Proof, by affidavit, is also offered by the defendants that during the same period other persons sang it at public performances, with the consent of the complainant and the authors. Holtz also swears that after the date of copyright the complainant, in substance, requested him to agree to use the song in his vaudeville performances for the entire season, and he promised to do this. He admits, however, that the alleged promise, which complainant denies ever making, was made on an occasion when he was asked by complainant to give up singing the song because his performance interfered with another. Prior to the time of the alleged promise, Holtz certainly had no more than a revocable license.

The defendants insist that the presentation of the song by Holtz in vaudeville prior to the date of copyright was a complete dedication to the public. It is, however, well settled that the public performance of a dramatic or musical composition is not an abandonment of the composition to the public. Ferris v. Frohman, 223 U. S. at page 435, 32 Sup. Ct. 263, 56 L. Ed. 492; Crowe v. Aiken, 2 Biss. 208, Fed. Cas. No. 3,441; Palmer v. De Witt, 47 N. Y. at page 543, 7 Am. Rep. 480; Thomas v. Lennon (C. C.) 14 Fed. at page 851; Carte v. Ford (C. C.) 15 Fed. at page 442. Only a publication of the manuscript will amount to an abandonment of the rights of the author and a transfer of them to the public domain. It was not such a publication to give the song to a limited number of artists to sing prior to the date of copyright. There is no evidence or probability that any of the copies were sold, or that they were given out for any purpose but a limited use by a few vaudeville artists. Werckmeister v. American Lithographic Co., 134 Fed. 321, 69 C. C. A. 553, 68 L. R. A. 591; Press Publishing Co. v. Monroe, 73 Fed. 196, 19 C. C. A. 429, 51 L. R. A. 353. Because there was no publication, but only a performance of the musical composition, the authorities as to dedication relied on by the defendants are quite inapplicable.

The second defense of a license is, I think, equally fragile. A theoretical consideration for the alleged promise of Holtz to sing the song during the entire season might be worked out more naturally than as related by Holtz, if complainant were said to have given some promise in return. I am asked to believe that complainant granted an oral license in præsenti without any substantial consideration in return—not for a promise to sing and pay a royalty, but only to sing a song which had been advertised already by well-known singers. I think complainant's conceded legal title, supported by his affirmation that no such agreement was ever made, furnishes sufficient proof to offset such an illusory license, and to justify a preliminary injunction, which I accordingly grant; the bond to be fixed on the settlement of the order.