## NUTT v. NATIONAL INSTITUTE INCORPORATED FOR THE IMPROVEMENT OF MEMORY.

Circuit Court of Appeals, Second Circuit. March 11, 1929.

No. 213.

series of three lectures entitled "How to Improve Memory." The infringing lectures relate to the same subject. The author of the copyrighted lectures assigned his copyright, December 6, 1927, to the appellee, which was then organized, and of which the assignor became the president. Appellant was employed by a copartnership of which the appellee's president was a member, and continued in that service and the conduct of the business until October, 1922, when he severed his connection with that copartnership and embarked in the occupation of lecturing on memory improvement. His training consisted only of his experience with the copartnership, where he had opportunity to learn and know the substance of the appellee's lectures. The copyright of these lectures was granted October 23, 1925. As filed, they were the result of a gradual growth over a three-year period of improvements and additions. The infringing lectures were delivered December 14 and 15, 1927. A transcript thereof is before us.

The certificate of registration is prima facie evidence of the fact stated therein. Section 55, Copyright Act 1909; U. S. C. A. tit. 17, § 55. A comparison of the appellant's lectures with the copyrighted lectures shows similarity and copying of the association, presentation, and combination of the ideas and thought which go to make up the appellee's literary composition. Such appropriation and use of them is an unlawful infringement. The infringement need not be a complete or exact copy. Paraphrasing or copying with evasion is an infringement, even though there may be little or no conceivable identity between the two. 13 Corpus Juris, 1109. As pointed out in West Publishing Co. v. Edward Thompson Co. (C. C.) 169 F. 833, the test is whether the one charged with the infringement has made an independent production, or made a substantial and unfair use of the complainant's work. See Hartford Printing Co. v. Hartford Directory & Publishing Co. (C. C.) 146 F. 332. A copyright protects the exclusive use of a theme presented in an original, with novelty of treatment or embellishment. Roe-Lawton v. Hal E. Roach Studios et al. (D. C.) 18 F.(2d) 126. An old plot may not be copyrighted, but a new treatment of an old plot may be. Fred Fisher, Inc., v. Dillingham (D. C.) 298 F. 145. An old plot, which creates new characters, scenes, and events, may be copyrighted. Stephens v. Howells Sales Co. (D. C.) 16 F.(2d) 805. And as stated in Bachman v. Belasco (C. C. A.) 224 F. 817, the paramount question is

Henry F. Parmelee and Harold H. Corbin, both of New York City, Curtiss K. Thompson, of New Haven, Conn., and Harold J. Gallagher, of New York City, for appellant.

Edmond M. Bartholow, Stephen F. Dunn, and Henry E. Rockwell, all of New Haven, Conn., for appellee.

Before MANTON, SWAN, and CHASE, Circuit Judges.

MANTON, Circuit Judge. An interlocutory decree was entered below, sustaining, as valid and infringed, appellee's copyright, a

whether the similarities existing between the copyright and the infringing literary effort are such as indicate a piracy.

The appellant here, not only uses the underlying theme of the lectures, but treats the ideas and topics in the same way. He used identical associations and key words, and makes it inconceivable that he does so without copying appellee's copyrighted work. The works of both parties are lectures for oral delivery, addressed to persons interested in the improvement of memory, such as salesmen and those concerned with business efficiency. They take about the same length of time for delivery, appeal to the same kind of audience, involve oral co-operation by members of the audience with the lecturer, and involve colloquies between them. Pictures are exhibited to the audience, and tests of memory are made during the lectures. The substance of both, when compared, shows no originality in the appellant's effort or appropriation, but the subject-matter is treated and discussed with the same manner of approach in arousing interest, allaying scepticism, illustrations and stories to illustrate and emphasize certain important principles, and, indeed, some of the language used to convey the subject-matter to the audience is in the same phrase. The topics considered in both are the remembering of names and faces; the use of key words and their association with items and facts to be remembered; also an association of key words with numbers used in connected stories, business affairs, or salesmanship. They show the same method of general treatment. They show the inability of the audience to remember a list of words, or to associate names with faces; both illustrate that the lecturer himself is able to do what the members of the audience cannot do. Both teach 15 key words, and fix these words in the minds of the members of the audience by teaching a connected, coherent key word story, associating these words with a similar number of errands to be attended to during the day. The copyrighted lectures, given with an illustration of the key word filing system, and then the memory of names and faces, are taken up. The order is reversed by the appellant. This colorable variation does not avoid infringement. It is needless to here point out the similarity of the subject-matter. A comparison shows appellant following the plan and arrangement of the appellee, and more than a substantial part has been appropriated. Copying is not confined to a literary repetition, but includes various modes in which the matter of any publication may be adopted, imitated, or transferred with more or less colorable alteration. King Features Syndicate v. Fleischer et al. (C. C. A.) 299 F. 533.

It is argued, that the appellee's assignor dedicated his work to the public before having it copyrighted. This is based upon the fact that the lectures had been publicly delivered prior to the application of the copyright. A public performance of a dramatic or musical composition is not an abandonment of the composition to the public. Ferris v. Frohman, 223 U. S. 435, 32 S. Ct. 263, 56 L. Ed. 492; McCarthy & Fischer, Inc., v. White et al. (D. C.) 259 F. 364. Only a publication of the manuscript, amounting to an abandonment of the rights of the author, will transfer it to public domain. The author of a literary composition, as a lecture, may profit from public delivery; but that does not constitute the kind of publication which deprives him of the protection of the copyright statute by later application. Werckmeister v. American Lithographic Co. (C. C. A.) 134 F. 321, 68 L. R. A. 591; 13 Corpus Juris, p. 987; Weil on Copyrights, p. 147. Even where the hearers are allowed to make copies of what was said for their personal use, they cannot later publish for profit that which they had not obtained the right to sell. Universal Film Mfg. Co. v. Copperman (C. C. A.) 218 F. 577; Werckmeister v. American Lithographic Co., supra; Press Pub. Co. v. Monroe (C. C. A.) 73 F. 197. Common-law rights are not lost by a limited publication, as distinguished from the general publication, and the delivery of these lectures before audiences prior to copyrighting was limited publication. The copyright statute does not change the earlier decisions. It specifically provides, in section 2 of the act of 1909 (35 Stat. 1076; 17 USCA § 2), that "nothing in this title shall be construed to annul or limit the right of the author or proprietor of an unpublished work, at common law or in equity, to prevent the copying, publication, or use of such unpublished work without his consent, and to obtain damages therefor." By this section there is reserved to authors all common-law rights therein prior to its enactment and the decisions of the courts relating to common-law rights prior to the passage of the act of 1909 have not changed the rule. Ferris v. Frohman, 223 U. S. 424, 32 S. Ct. 263, 56 L. Ed. 492; Photo-Drama Motion Picture Co. v. Social Uplift Film Corp. (C. C. A.) 220 F. 448.

It is argued that the appellee's assignor appropriated the work of another on this

subject-matter, and that therefore his copyright is invalid, and may not be protected by the terms of the statute in a court of equity. The argument proceeds that a comparison of appellee's lectures finds copying from lectures delivered under the Roth course. In the absence of proof of copying or piracy, appellee's copyright is valid. A lecturer has the right to use the ideas expressed in another work, for a copyright does not monopolize the intellectual conception, but the form of expression and arrangement of words adopted by the copyright proprietor. Holmes v. Hurst, 174 U. S. 82, 19 S. Ct. 606, 43 L. Ed. 904. A comparison of the Roth course with that of the appellee's shows that the two works upon the same subject contain some thoughts and ideas in common. But it is not the subject that is protected by copyright. It is the treatment of a subject that is protected. Stephens v. Howells Sales Co. (D. C.) 16 F.(2d) 805; Baker v. Selden, 101 U. S. 99, 25 L. Ed. 841.

It is satisfactorily established that the appellee has a valid copyright for the lectures, which we find to be infringed by the appellant.

Decree affirmed.