## GUTHRIE v. CURLETT et al.

Circuit Court of Appeals, Second Circuit. December 2, 1929.

No. 30.

Emmet L. Holbrok, of New York City, for appellant.

Richard W. Barrett, of New York City (Melvin H. Coulston, of Washington, D. C., of counsel), for appellees.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

CHASE, Circuit Judge (after stating the facts as above). ▪ The appellant recognized the fact that the number and size of freight tariff indexes required to be filed made both their compilation and use difficult, and set himself to the task of solving the problem of putting them in such condensed form that these difficulties were lessened. His idea for solution consisted in a consolidation made possible by the use of ruled columns and compound specific interest symbols as above stated. This idea alone, apart from the means of expressing it, is not protected by his copyrights. Holmes v. Hurst, 174 U. S. 82, 19 S. Ct. 606, 43 L. Ed. 904; Dymow v. Bolton (C. C. A.) 11 F.(2d) 690; Nutt v. National Institute, Inc. (C. C. A.) 31 F.(2d) 236–239. His accomplished solution was his idea expressed in the form and arrangement he chose to use, and did use, in his example of the tariffs of ten railroads on one commodity and in his book entitled "Western Lines Index No. 1." The treatment of the subject in both of these works was his. The thought, arrangement, and style was original, and by them he made a useful contribution to the subject treated. What is sometimes called the theme or story was, in both of these works, the product of the intellectual faculties of the author, and the result was a new expression of known facts. The appellant's copyrights, Class A, XXc, No. 315,145, May 10, 1912 and Class A, XXc, No. 318,707, August 27, 1912, are, accordingly, both valid, and protect his expression of his ideas, or, to put the same thing in words as near to the claim of the appellant in this suit as the law will permit, protect his ideas when expressed as he expressed them. Dymow v. Bolton et al., supra; Edwards & Deutsch Lithographing Co. v. Boorman et al. (C. C. A.) 15 F. (2d) 35; King Features Syndicate v. Fleischer (C. C. A.) 299 F. 533–536.

Indeed, it is by no means sure that the appellant contributed any new ideas, except in the particular arrangement and symbols he used. All else was in the public domain. The idea of consolidated freight tariff indexes had already been employed by the Erie and other railroads, and designating things by numerals or letters, alone or in combination, with or without the use of ruled columns and dark or light faced type, has been in common practice so very long that there is no way now of making that, except in the precise way he does it, the private property of any man.

▪ Careful comparison of the appellees' works with that of the appellant fails to disclose a single instance where the means of expression used by the appellant has been copied. The intricate nature of the work, the subject involved, and the result to be obtained, make it inevitable that, within the scope of the works, the same information can be found; but the appellant has no monopoly upon information, or the purveying of information by a broad general method. He must be protected in his choice of expression, and his copyrights held to that. Baker v. Selden, 101 U. S. 99, 25 L. Ed. 841.

▪ During the trial in the District Court the judge interrupted the continuity of the appellant's evidence by asking numerous questions of the witnesses. The extent to which this was done has been the subject of rather bitter comment on appeal. This criticism is quite unjustified by anything in the record. The subject-matter in controversy was difficult to understand. In such a trial it is hard to perceive how a judge can do better than to be vigilant in keeping witnesses from wandering, and incumbering the record with testimony which would serve but to prolong the trial and to confuse the issues. When the judge is the trier of the facts as well as the law, surely no one knows so well as he the points which have not been made plain to the one who must decide the facts. It is now claimed that important evidence was kept out of the case, but the appellant has not brought to our attention any such evidence that was offered and excluded. Nor was any objection taken.

The decree is modified, to omit copyright Class A, XXc, No. 303,968, January 24, 1912, and as so modified it is affirmed.