BRIEF ENGLISH SYSTEMS, Inc., v. OWEN et al.

No. 317.

Circuit Court of Appeals, Second Circuit.

April 6, 1931.

Arthur A. Beaudry, of New York City, for appellant.

Clarence M. Crews, of New York City (Edgar M. Kitchin, of Washington, D. C., and White & Case and William St. John Tozer, all of New York City, of counsel), for appellee.

Before MANTON, L. HAND, and CHASE, Circuit Judges.

CHASE, Circuit Judge (after stating the facts as above).

In so far as the plaintiff claims to have the exclusive right to the use of a published system of shorthand, this suit must fail. There is no literary merit in a mere system of condensing written words into less than the number of letters usually used to spell them out. Copyrightable material is found, if at all, in the explanation of how to do it. Guthrie v. Curlett et al. (C. C. A.) 36 F.(2d) 694, 696. Without suggesting that anything in its shorthand system this plaintiff would retain by copyright for itself alone might have been the subject of a valid patent, it may be said that the way to obtain the exclusive property right to an art, as distinguished from a description of the art, is by letters patent and not by copyright. For present purposes it is enough to recognize that the plaintiff's shorthand system, as such, is open to use by whoever will take the trouble to learn and use it. Baker v. Selden, 101 U. S. 99, 25 L. Ed. 841; Griggs v. Perrin (C. C.) 49 F. 15.

From this it follows that the claimed infringement by Owen's book should be determined exactly as though he had been writing about the Dearborn shorthand system instead of one he claimed to have originated himself. When the copyrighted works and the claimed infringement are examined for piracy of composition, no substantial appropriation of manner, method, style, or literary thought can be perceived. Once concede that the defendant Owen could lawfully write, or write about, any system of shorthand his ability permitted and his book has nothing of consequence in common with what is covered by the plaintiff's copyrights. The manner of treatment is substantially dissimilar and original. Without proof of the kind of appropriation mentioned above, the plaintiff has no cause of action. Baker v. Selden, supra; Griggs v. Perrin, supra; Chautauqua School of Nursing v. National School of Nursing (C. C. A.) 238 F. 151; Dymow v. Bolton (C. C. A.) 11 F.(2d) 690; Nutt v. National Institute (C. C. A.) 31 F.(2d) 236, 239; Holmes v. Hurst, 174 U. S. 82, 19 S. Ct. 606, 43 L. Ed. 904;

Edwards & Deutsch Co. v. Boorman et al. (C. C. A.) 15 F.(2d) 35.

Decree reversed.