## RUSSELL et al. v. NORTHEASTERN PUB. CO.

### No. 3950.

District Court, D. Massachusetts.

July 5, 1934.

William Reed Bigelow and Morris Katzeff, both of Boston, Mass., for plaintiffs.

Henry F. Hurlburt, Jr., Benjamin C. Perkins, and Hurlburt, Jones & Hall, all of Boston, Mass., for defendant.

BREWSTER, District Judge.

This cause comes before the court upon a motion to dismiss a bill in equity alleging infringement of a copyright.

The essential allegations are that the complainant is the author and owner of a certain publication known as "Rapid Contract Bridge," which has been duly copyrighted in accordance with the laws of the United States; that in this copyrighted book there is a page which contains the following:

"Special Problem

"Test Your Playing Ability

"South is the Dealer. The cards are enumerated for a Spade trump, in preference to Diamonds as one less trick is required for 'Game,' and the Ace in the Diamond suit will invariably win a trick if not trumps.

"West's opening lead is the King of Diamonds.

"The 'Contract' for a 'Grand Slam' is possible against any defence by the correct playing of the Declarer's hands.

North
Spades—A—K—Q—J
Hearts—Q—J—10—9—8—7
Diamonds—None
Clubs—A—Q—2

West
Spades—5—4—3—2
Hearts—None
Diamonds—K—Q—J—7
Clubs—K—J—10—9—3

East
Spades—None
Hearts—6—5—4—3—2
Diamonds—4—3—2
Clubs—8—7—6—5—4

South
Spades—10—9—8—7—6
Hearts—A—K
Diamonds—A—10—9—8—6—5
Clubs—None

"Try playing these hands and if you wish to see the correct playing solution and receive another problem even more difficult to play address the Author, care Brookline Chronicle, 306 Harvard St., Brookline, Mass., enclosing a self-addressed stamped envelope, and both will be mailed to you free of any charge. Also any questions you may wish to ask concerning 'Rapid Contract' will be answered."

That the defendant is engaged in publishing and selling a newspaper in the city of Boston and elsewhere known as the Boston Daily Record which has a circulation throughout the New England States and elsewhere. That on September 25, 1933, there appeared in the Boston Daily Record the following:

"A Subtle Problem in Play

"As a bridge expert, I am asked to solve many bridge problems. One, especially, is brought to me several times each year. Knowing the solution perfectly well, I nod wisely, look thoughtful for a moment and then, with apparent cleverness, show the correct play. Try your luck with it.

"The contract is 7 Spades, King of Clubs is lead.

```
                North
            S—A—K—Q—J
            H—A—Q—10
            D—Q—J—10—9—8—6
            C—None

West                        East
S—9—8—6—3                   S—none
H—K—J—9—8                   H—7—6—5—4—3—2
D—None                      D—7—5—4—3—2
C—K—Q—J—10—2                C—9—8

                South
            S—10—7—5—4—2
            H—None
            D—A—K
            C—A—7—6—5—4—3
```

"Answer Friday."

That this was followed on October 13 by the publication of the following solution to the problem:

"The problem entitled 'A Subtle Problem in Play' seems to have been too difficult for some. The problem:

```
            A—K—Q—J
            A—Q—10
            Q—J—10—9—8—6
            None

9—8—6—3                 None
K—J—9—8                 7—6—5—4—3—2
None                    7—5—4—3—2
K—Q—J—10—2              9—8

            10—7—5—4—2
            None
            A—K
            A—7—6—5—4—3
```

"The contract is seven spades. The C K is led. The play: West leads the C K—North plays the D—6—South the C A. South leads the S 2—and wins with the S J—North leads H 10 and South takes with S 4. South leads S 5 to S Q—North leads H Q and South wins with S 10—South leads S 7 and North wins with S K—North plays S A and South discards D K—North leads H A and South discards D A—North now cashes D Q J 10 9 8 for his 13 tricks."

The bill also alleges due notice to the respondent of the alleged infringement and contains the usual prayers for equitable relief.

In the motion to dismiss several grounds are asserted, only two of which I deem necessary to consider.

The objection is made that upon the allegations of the bill the problem in question is not copyrightable matter; and, if it is, the defendant has not infringed.

The page from complainant's book, described in his bill, presents a problem illustrating a principle of play rather than of bidding without revealing the author's solution of that problem. It is extremely doubtful whether the page contains any matter whatever which can be said to be properly the subject of copyright. However that may be, it is clear on the authorities that the complainant can acquire no exclusive rights in the particular distribution of the fifty-two cards, in the problem of play or the principles of contract bridge applicable to its solution. The most that can be claimed is protection against the copying of the language used in presenting the problem. Perris v. Hexamer, 99 U. S. 674, 25 L. Ed. 308; Baker v. Selden, 101 U. S. 99, 25 L. Ed. 841; Griggs v. Perrin et al. (C. C. A.) 49 F. 15; S. S. White Dental Co. v. Sibley (C. C.) 38 F. 751; Guthrie v. Curlett (C. C. A.) 36 F.(2d) 694; Brief English Systems, Inc., v. Owen et al. (C. C. A.) 48 F.(2d) 555.

Since the respondent did not adopt the illustrative distribution and did not use any of the language found in complainant's work, there is no infringement. Chautauqua School of Nursing v. National School of Nursing (C. C. A.) 238 F. 151; Harold Lloyd Corporation et al. v. Witwer (C. C. A.) 65 F.(2d) 1; Fred Fisher, Inc., v. Dillingham et al. (D. C.) 298 F. 145.

Respondent's motion to dismiss the bill of complaint is allowed, and a decree dismissing the bill may be entered.