**LONG v. JORDAN, Secretary of State of State of California et al.**

**No. 21300W.**

District Court, N. D. California, S. D.

Sept. 14, 1939.

John Corgiat, Jr., of Oakland, Cal., (M. F. Ryan, of Oakland, Cal., of counsel), for plaintiff.

Earl Warren, Atty. Gen., and Robert W. Harrison, Chief Deputy Atty. Gen., for defendants.

J. Lamar Butler, of Los Angeles, Cal., Leonard A. Worthington and Lawrence W. Allen, both of San Francisco, Cal., William J. Clark, of Los Angeles, Cal., Philip C. Boardman, of San Francisco, Cal., Henry Mahan and Richard Hart, both of Los Angeles, Cal., and Gerald F. Harrington, of Oakland, Cal., for intervenors C. E. Soules and Geo. V. Hankins.

WELSH, District Judge.

Plaintiff seeks an injunction to restrain the defendants, as officers of the State of California, from printing and publishing for distribution to the voters of the state, as required of them by law, the proposed initiative constitutional amendment known as "The California State Retirement Life Payments Act", to be submitted to the voters on November 7, 1939, at a special election. Injunctive relief is sought upon the claim that the provisions of Section 6 of the proposed law are copied from material contained in a pamphlet describing a system of old age pensions, referred to as the "Ray System", which was filed for copyright by the plaintiff under the laws of the United States relating to copyrights, 17 U.S.C.A. § 1 et seq., in the year 1934.

288

The determination of defendants' motion to dismiss this action on the ground that plaintiff has failed to state a claim upon which relief can be granted, depends upon whether or not the allegations of plaintiff's pleadings, taken as true, establish any threatened infringement by defendants of his copyright.

■ At the hearing before this court of the defendants' motion to dismiss, there was introduced in evidence a pamphlet which, according to stipulation of counsel, was filed for copyright; and which it is claimed would be infringed upon by the publication of the proposed "California State Retirement Life Payments Act". There is a discrepancy between the written matter contained in this pamphlet and the allegations of plaintiff's amended complaint concerning the contents of the pamphlet. This discrepancy, however, becomes immaterial in the determination of this motion, since it appears to the court that by neither the pamphlet in evidence nor the allegations of the amended complaint does plaintiff show that the publication of the proposed constitutional amendment by defendants would infringe upon any copyright which he has, either on the contents of the pamphlet, or on the matter alleged in the amended complaint to have been copyrighted by plaintiff.

■ Plaintiff's position is that his copyright is infringed upon by reason of a similarity of expression between the language and style employed in the exposition of the plan of operation of his "Ray System", and the language used in Section 6 of the proposed constitutional amendment in providing for the issuance of warrants, in specific denominations, containing spaces on the backs indicating fifty-two places for affixing warrant redemption stamps, each place designating the date upon which a stamp should be affixed. However, comparing Section 6 of the proposed law with the contents of the pamphlet and the allegations in the amended complaint, there doesn't appear to be any identity of language, phraseology, or literary style, arrangement or form. The most that might be said is that there is a similarity in plan and purpose and in the method of operation advanced to effectuate that plan and purpose. Ideas, as such, are not a proper subject of copyright. This, plaintiff concedes. But he advances the contention that while ideas are not the subject of copyright, the means of expressing those ideas are; from which he argues that since Section 6 of the proposed constitutional amendment describes warrants to be issued by the state so similar in form and content to the postal certificate described in his so called "Ray System", as to be practically indistinguishable, the result is an infringement upon his copyright covering his means of explaining his system. And through this line of argument, he reaches the startling conclusion that since his plan or idea, although not itself copyrightable, is so simple as to be capable of explanation in only one way, being the way he has used, it follows that his plan, although not copyrightable in theory, is copyrightable in fact. The obvious unsoundness of this conclusion of itself disproves the main premise upon which it is based, namely, that although plaintiff's system, being an idea, is not copyrightable, the means of explaining the system may be copyrighted.

■ It is true that in cases of literary or artistic works, and works of similar character, in which the form, arrangement or combination of ideas represents the product of labor and skilled effort separate and apart from that entailed in the development of the intellectual conception involved. that in such a situation, the medium of expression is entitled to protection by copyright against its adoption by another in similar form, arrangement and combination. And this Court does not hold that plaintiff would be deprived of protection under his copyright of the pamphlet describing his "Ray System" against the adoption and publication by another, as his own literary effort, of a pamphlet describing a similar system in similar literary style, arrangement and content. In the case of Ansehl v. Puritan Pharmaceutical Co., 8 Cir., 61 F.2d 131, cited by plaintiff, it appears that the defendants not only appropriated to themselves the idea contained in plaintiff's advertisement, but published that idea in an advertisement similar to plaintiff's in arrangement, photography, form and combination of ideas. And the court stated at page 138 of the decision, that " * * * they could not appropriate the plaintiff's advertisement by copying his arrangement of material, his illustrations and language, and thereby create substantially the same composition in substantially the same manner, without subjecting themselves to liability for infringement".

But the instant case involves a different situation calling for the application of a

different principle. This is not a case where plaintiff's pamphlet, outlining his system contained therein, is appropriated by another and published as an exposition of his own system. The language of Section 6 of the proposed constitutional amendment is used to describe the plan of issuing warrants, not for explanatory purposes, but solely for the purpose of effectuating the plan through legislation, and even were the language of Section 6 identical with that contained in plaintiff's copyrighted material, there would still be no infringement. The method of expression used in proposed legislation providing for and describing the operation of a system of government is an inseparable adjunct to the use of the system itself and therefore cannot be protected by copyright any more than can the use of the system. Plaintiff's so-called "Ray System" purports to be a system designed for adoption by government. In the "Foreword" contained in the pamphlet in evidence are the following statements:

" * * * We hope that the Ray system may in good time be brought to the attention of Congress through the united effort of those who join us in this Campaign."

"We dedicate the Ray system to a more prosperous, independent, progressive and abundant life for all people and pray for its early adoption, and accomplishment."

Thus, plaintiff advances a system requiring legislation to give it effect and now, under his copyright, seeks to prevent the submission to the voting power of the very legislation which it is his avowed purpose to accomplish. He seeks to both dedicate and withhold. But a plan or system advanced for government adoption cannot be copyrighted so as to prevent the publication of that plan or system, whatever the medium of expression used, in the form of a proposed law incident to its submission to the vote of the electorate.

The principle hereinabove stated may seem novel. In reality, it is but a logical extension of well defined principles. It is only its application to the facts of the instant case which is novel. The case of Baker v. Selden, 101 U.S. 99, 25 L.Ed. 841, decided that a copyright upon a book explaining a system of bookkeeping and containing illustrations and diagrams showing its operation did not protect the copyright owner from the use by another of the system, together with accompanying illustrations and diagrams. The following language of the decision, found on page 103 of 101 U.S., on page 843 of 25 L.Ed., is pertinent:

"The copyright of a work on mathematical science cannot give to the author an exclusive right to the methods of operation which he propounds, or to the diagrams which he employs to explain them, so as to prevent an engineer from using them whenever occasion requires. The very object of publishing a book on science or the useful arts is to communicate to the world the useful knowledge which it contains. But this object would be frustrated if the knowledge could not be used without incurring the guilt of piracy of the book. And where the art it teaches cannot be used without employing the methods and diagrams used to illustrate the book, or such as are similar to them, such methods and diagrams are to be considered as necessary incidents to the art, and given therewith to the public; not given for the purpose of publication in other works explanatory of the art, but for the purpose of practical application.

"Of course, these observations are not intended to apply to ornamental designs, or pictorial illustrations addressed to the taste. Of these it may be said, that their form is their essence, and their object, the production of pleasure in their contemplation. This is their final end. They are as much the product of genius and the result of composition, as are the lines of the poet or the historian's periods. On the other hand, the teachings of science and the rules and methods of useful art have their final end in application and use; and this application and use are what the public derive from the publication of a book which teaches them. But as embodied and taught in a literary composition or book, their essence consists only in their statement. This alone is what is secured by the copyright. The use by another of the same methods of statement, whether in words or illustrations, in a book published for teaching the art, would undoubtedly be an infringement of the copyright.

"Recurring to the case before us, we observe that Charles Selden, by his books, explained and described a peculiar system of book-keeping, and illustrated his method by means of ruled lines and blank columns, with proper headings on a page, or on successive pages. Now, whilst no one has a right to print or publish his book, or any material part thereof, as a book intended to convey instruction in the art, any person

may practise and use the art itself which he has described and illustrated therein. The use of the art is a totally different thing from a publication of the book explaining it."

Applying and extending the foregoing principle to the instant case, it follows that a copyright on an exposition of a system of government cannot prevent the use of that system as intended. The intended use necessarily involves the adoption of legislation outlining the system and defining its methods of operation; and the exposition of the system in the form of legislation is as much a part of its use as is its practical application. Where the exposition of a system is necessarily involved in putting the system into operation as intended, the exposition becomes a part of the use of the system and cannot be copyrighted.

Since it is apparent that plaintiff's pleadings could not be amended so as to state a claim entitling him to the relief sought, the motion of the defendants to dismiss this action is hereby granted.