## CRUME v. PACIFIC MUT. LIFE INS. CO.

### No. 8318.

Circuit Court of Appeals, Seventh Circuit.

Feb. 1, 1944.

E. R. Elliott and Harry C. Alberts, both of Chicago, Ill., for appellant.

Orville J. Taylor and Whitney Campbell, both of Chicago, Ill., for appellee.

Before MAJOR and KERNER, Circuit Judges, and LINDLEY, District Judge.

MAJOR, Circuit Judge.

This is an appeal from an order of the District Court, allowing defendant's motion to dismiss plaintiff's complaint charging defendant with copyright infringement. The copyrighted material relied upon consists of four pamphlets, each of which discloses a plan or method by which insolvent life insurance companies may be reorganized through mutualization and readjustment of liabilities. They are titled "Illinois Life Insurance Company Mutualization and Readjustment Plan," "Detroit Life Insurance Company Mutualization and Readjustment Plan," "Federal Union Life Insurance Company Tentative Mu-

tualization and Readjustment Plan," and "Mutualization and Readjustment Plan Agreement." No question is raised but that the pamphlets relied upon were duly copyrighted in accordance with the provisions of the Copyright Act, 17 U.S.C.A. § 1 et seq.

The complaint alleges that the defendant caused to be published, printed and distributed a certain instrument called a "Rehabilitation and Reinsurance Agreement," dated July 22, 1936, wherein and whereby the defendant appropriated and pirated many clauses, paragraphs and parts of the pamphlets relied upon; that the defendant, in addition to printing such pamphlets, circulated or caused the same to be circulated and distributed throughout the United States; and that defendant has on hand a large number of copies of said agreement that it intends to and will distribute unless restrained by the court from so doing. In addition to an injunction, damages are sought for the alleged infringement. Defendant by its motion to dismiss attacks the complaint and the exhibits attached thereto upon numerous grounds which generally may be stated as follows: (1) That the alleged infringing work is not a copy in whole or in part of plaintiff's copyrighted pamphlets (in other words, it is disclosed upon the face of the complaint, in connection with the copyrighted and accused pamphlets, that the latter do not infringe); (2) that plaintiff's pamphlets contain nothing more than a proposed plan for the reorganization of an insurance company, which is common property and therefore not the subject of a valid copyright; and (3) that plaintiff's cause of action, if any, does not lie against the defendant but lies against the Insurance Commissioner of the State of California, who in the year 1936 promulgated and published the alleged infringing work, pursuant to the provisions of the California Insurance Code and pursuant to orders of the Superior Court of California in and for the County of Los Angeles.

The District Court in a memorandum opinion stated, among other things, that the plan, system or idea embodied in plaintiff's copyrights was not the subject of valid copyrights but, even if so, there was no infringement. Also, the court, while not deciding, expressed doubt that plaintiff's cause of action, if one existed, could be maintained against the instant defendant.

In view of our conclusion that the complaint was properly dismissed on the ground of non-infringement, we need not discuss or decide other questions raised by defendant's motion to dismiss. However, the matter of infringement is so closely related to, if not actually dependent upon, the extent of protection to which plaintiff was entitled by virtue of his copyrights as to require some consideration of the latter. In the recent case of Taylor Instrument Co. v. Fawley-Brost Co., 7 Cir., 139 F.2d 98, decided November 15, 1943, we attempted to discuss the extent of protection afforded the owner of a copyright. Our discussion was predicated largely upon the rationale of Baker v. Selden, 101 U.S. 99, 25 L.Ed. 841. Without repeating what we said in the Taylor case, it is sufficient to observe that a copyright protects only to the extent of that which is taught or explained. Unlike a patent, the information disclosed is lodged in the public domain, where its use is unrestricted. As was said in the Baker case, supra (101 U.S. at page 103, 25 L.Ed. 841): "The very object of publishing a book on science or the useful arts is to communicate to the world the useful knowledge which it contains. But this object would be frustrated if the knowledge could not be used without incurring the guilt of piracy of the book. And where the art it teaches cannot be used without employing the methods and diagrams used to illustrate the book, or such as are similar to them, such methods and diagrams are to be considered as necessary incidents to the art, and given therewith to the public; not given for the purpose of publication in other works explanatory of the art, but for the purpose of practical application."

In the Baker case, the copyrighted material was on a series of books and consisted of an introductory essay explaining the system of bookkeeping referred to, to which were annexed certain forms or blanks consisting of ruled lines and headings illustrating the system and showing how it could be used and carried into practice. The court held (101 U.S. at page 107, 25 L.Ed. 841) that the mere copyright of the books did not confer upon the owner thereof "the exclusive right to make and use account-books, ruled and arranged as designated by him and described and illustrated in said book." The gist of the Baker decision is to the effect that the disclosure of a copyright is reposed in the

public to the extent necessary to achieve the use of that which is disclosed, and this is so whether the disclosure is by descriptive words or diagrams. As was said by the court (101 U.S. at page 103, 25 L.Ed. 841): "Had he used words of description instead of diagrams (which merely stand in the place of words), there could not be the slightest doubt that others, applying the art to practical use, might lawfully draw the lines and diagrams which were in the author's mind, and which he thus described by words in his books."

There are cases no doubt, and the instant one is a striking illustration, in which it is difficult to distinguish between that which is taught and the art disclosed thereby. To the same extent, it is difficult to determine between that which is protected and that which is not. This difficulty was recognized in the Baker case, wherein the court stated (101 U.S. at page 104, 25 L.Ed. 841): "Those illustrations and diagrams consist of ruled lines and headings of accounts; and it is similar ruled lines and headings of accounts which, in the application of the art, the book-keeper makes with his pen, or the stationer with his press; whilst in most other cases the diagrams and illustrations can only be represented in concrete forms of wood, metal, stone, or some other physical embodiment. But the principle is the same in all. The description of the art in a book, though entitled to the benefit of copyright, lays no foundation for an exclusive claim to the art itself. The object of the one is explanation; the object of the other is use. The former may be secured by copyright. The latter can only be secured, if it can be secured at all, by letters-patent."

■ The distinction which we have thus endeavored to make is apparently recognized by the plaintiff. In his reply brief, he states: "Appellant (plaintiff) does not now and never did contend that when appellee was adjudged insolvent, it was precluded from taking every step and following every idea and every suggestion promulgated in appellant's copyrighted works. * * * That is one thing, but it is an entirely different thing when appellee (defendant) copied and pirated what appellant had written." To state it another way, plaintiff recognizes defendant's right to the use of the plan or method taught by plaintiff, but denies to the defendant the right to use the words necessary to effect such use. It appears to us that the concession is inconsistent with the denial. Plaintiff attempts to compare the instant situation with books containing plans and descriptions for houses, or plans for formal gardens, or plans for interior decoration. In such instances, however, the disclosure of the plan may be put to use by the utilization of material, tools and equipment in the hands of the mechanic or workman. The use to which the public is entitled is effected by means other than the embodiment of words. In the instant situation there is no room for the skill of the mechanic or artisan in utilizing the plan or the method disclosed. Its use, to which the public is entitled, can be effected solely by the employment of words descriptive thereof. In our view, where the use can be effected only in such manner, there can be no infringement even though the plan or method be copied. We realize that such a view leaves little, if any, protection to the copyright owner; in fact, it comes near to invalidating the copyright. This situation, however, results from the fact that the practical use of the art explained by the copyright and lodged in the public domain can be attained solely by the employment of language which gives expression to that which is disclosed.

■ It may be that we have gone further than necessary in denying plaintiff's claim as to infringement. This is so for the reason that defendant's alleged infringing material is not an exact copy of plaintiff's copyrighted pamphlets. Plaintiff in his reply brief, after enumerating the essential features of the method disclosed by him, states: "Appellee copied this in some instances by adding, in some by deleting and in some by changing the copyrighted works, but in so doing did embody a material and substantial portion thereof." Both the copyrighted pamphlets and the accused infringing material contain many provisions and are quite lengthy, and we think there is no occasion to set them forth here. Especially is this so in view of plaintiff's concession. We have compared the documents and are of the opinion that there is a substantial difference in defendant's language, sufficiently so to escape the charge of infringement.

We also observe that such comparison adds strength to the view heretofore expressed that defendant's rightful use of the art disclosed could only be accomplished by the employment of words which describe plaintiff's method. To hold that an

idea, plan, method or art described in a copyright is open to the public but that it can be used only by the employment of different words and phrases which mean the same thing, borders on the preposterous. It is to exalt the accomplishment of a result by indirect means which could not be done directly. It places a premium upon evasion and makes this the test of infringement. Notwithstanding some authorities which support a theory permitting such a result, we think it is wrong and disapprove it.

The order appealed from is affirmed.