Matthew GAYE, formerly known as Matt Goldberg

v.

John J. GILLIS d/b/a Allied Investigators, Successors to Federal Investigators.

Civ. A. No. 57–139.

United States District Court
D. Massachusetts.

Oct. 21, 1958.

Ben G. Gilbert, Boston, Mass., for plaintiff.

John H. McKenna, Herbert P. Kenway, Boston, Mass., for defendant.

FRANCIS J. W. FORD, District Judge.

This is an action for copyright infringement and unfair competition to which a count for breach of contract was later added by amendment.

Plaintiff since before February 18, 1947, has been engaged in the business of conducting a commercial dunning service in Boston and other cities under the name of "Commercial Investigators." Plaintiff would sell to business men books of coupons, each coupon entitling the purchaser to plaintiff's service on a delinquent account. When the purchaser desired to utilize the service, he filled in one of the coupons with the name of the debtor and other pertinent information and sent it to plaintiff. Plaintiff thereupon mailed to the debtor a series of letters at regular intervals for the purpose of inducing the debtor to make payment. Any payments were made directly to the creditor and not to the plaintiff, whose services did not include any actual collection of money.

On February 18, 1947, defendant applied to plaintiff for employment as salesman and after an interview with plaintiff was hired, and they both signed an employment contract in duplicate. After working for plaintiff for some time, defendant decided to set up his own business operating along similar lines. On September 23, 1949, he formally terminated his employment with plaintiff by letter. Previous to this time on Septem-

ber 16, 1949, he had filed with the city clerk of Boston a certificate of the name, Federal Investigators (later changed to Allied Investigators), under which he was to do business. He had his own coupon books and other forms printed and has since September 1949 been engaged in business in and around Boston.

Plaintiff's first claim is that defendant's coupon book infringes the copyright on plaintiff's coupon book. Both books do have a general similarity. There are, however, numerous differences. The covers are different in design. Plaintiff's cover contains the phrases, "Low Cost," "Prompt Results," "No Collection Fees," "Assets Located," "Preserves Good Will," "Debtors Pay You Direct" and "Comprehensive—No Details," which are not found on defendant's cover. Defendant's cover refers to "Complete and confidential service for lawyers, merchants, banks, insurance companies, department and retail stores" and to "tracing and investigation." This does not appear on plaintiff's cover. In defendant's book each coupon has a stub which remains after the coupon is torn out and on which information as to the debt can be recorded. In plaintiff's book there is no such stub, but separate pages are provided on which to keep a record of accounts on which service is requested. Plaintiff's book has instructions for use of the coupons on the inside of the front cover and at the bottom of each coupon. Defendant's book has all its instructions on the inside of the front cover. The instructions in both cases are substantially similar, but, as was the case with the covers, there are numerous differences in the language, each set of instructions containing items not found in the other.

 A copyright does not cover an idea or a system of doing business but only the particular mode of expression of the idea embodied in the copyrighted material. The public is free to use the idea or method of doing business and hence, while the copyrighted description of the idea may not be slavishly copied, the copyright is not infringed by an expression of the idea which is substantially similar where such similarity is necessary because the idea or system being described is the same. Baker v. Selden, 101 U.S. 99, 25 L.Ed. 841; Crume v. Pacific Mutual Life Insurance Co., 7 Cir., 140 F.2d 182; Dorsey v. Old Surety Life Insurance Co., 10 Cir., 98 F.2d 872, 119 A.L.R. 1250; Continental Casualty Co. v. Beardsley, D.C., 151 F.Supp. 28. Here there was no slavish copying of plaintiff's coupon book. Defendant was free to adopt the same method of doing business that plaintiff was using. The use of a coupon book was an integral part of this method of business. The similarity which defendant's book bears to plaintiff's is only such as would necessarily be found in any coupon book used in such a method of business. The coupons demand the same information because it is the basic information about the account to be serviced which anyone in the business would require. The instructions are similar in effect because since the method of doing business is similar, the procedure to be followed by the user of the coupons is necessarily similar. But, as pointed out, these similarities necessarily springing from the method of doing business do not constitute infringement of plaintiff's copyright.

Plaintiff also charges defendant with breach of a provision of the employment contract between the parties which reads: "Agent agrees not to compete directly or indirectly for a period of 3 years from the termination date for a radius of 50 miles from Boston." The sole issue on this count is whether that clause was a part of the contract signed by defendant. It appears typed in at the end of the second paragraph of the printed contract form signed by both parties and retained by plaintiff. Defendant's signed duplicate of this contract form contains no such clause. Defendant says there was no such clause in either copy at the time the contract was executed. Plaintiff says it was typed in his copy before the signing by a girl in his office, but she was not called to testify. Neither did plaintiff call his former counsel who, he testified, had possession of his copy of the contract

for some time before the bringing of this action to testify as to whether the clause appeared on the document when he had it; nor did the plaintiff offer a shred of testimony as to why the clause was absent from the defendant's copy of the contract. In 1951 plaintiff's then counsel wrote to defendant alleging infringement of the copyright, but there was no evidence that plaintiff or anyone acting for him had before the bringing of this action alleged any violation by plaintiff of any no-competition provision of the employment contract.

The complaint in this action, filed February 8, 1957, made no allegation of breach of contract. On November 29, 1957, plaintiff filed interrogatories addressed to defendant, one of which read: "5. If you entered into a written contract of employment with the plaintiff, please state whether or not you now have a copy of the same." Defendant was unable to find his copy of the contract at the time and in answers filed December 24, 1957, answered "No" to this interrogatory. Thereafter on February 14, 1958, plaintiff filed a motion to amend his complaint to charge violation of the alleged no-competition clause of the contract. This sequence has considerable significance.

The typed-in clause as it appears on plaintiff's copy of the contract has the clear appearance of having been rubbed over as if to conceal the freshness of the typing.

On these facts it must be found that the clause in question did not appear on the contract at the time it was signed by defendant. It was, therefore, no part of the contract and hence defendant cannot be found to have violated the contract by entering into business in competition with plaintiff.

Plaintiff's third allegation is that defendant has been guilty of unfair competition. The original complaint alleged only the infringement of the copyright on the coupon book as an act of unfair competition. This, of course, falls with the finding that there has been no infringement of the copyright. Likewise, in the light of the finding as to the alleged breach of contract, the argument that the alleged contract violation constituted unfair competition must be rejected. Plaintiff seems to argue that because he gave employment to defendant and defendant in the course of the employment learned how a business of the type conducted by plaintiff is operated, he should be barred from setting up a similar business of his own. While such competition may arouse plaintiff's indignation and lead him to cry that it is unfair, there is no ground for holding that these facts alone make it unfair competition in any legal sense. There was no evidence that defendant made use of any confidential information acquired as an employee of plaintiff, but only that he used a general knowledge of how a business of this type is conducted. Comparison of the records of both businesses indicates that occasionally defendant has sold coupon books to a customer to whom he had previously sold such books as a salesman for plaintiff. These instances are too few, however, to indicate any deliberate attempt to take over for his own business the customers whom he met while representing plaintiff. There is no evidence to indicate any unfair competition in the classic sense, i. e. there is nothing to show that defendant ever tried to pass off his services as those of plaintiff or that any customer of defendant ever believed he was dealing with plaintiff's business rather than with defendant as an independent businessman.

Furthermore, I find the plaintiff here with unclean hands and for this reason he also is entitled to no relief.

Judgment will be entered for defendant with costs and attorney's fee of $1,000.