**Frank MORRISSEY, Plaintiff,**

v.

**The PROCTER & GAMBLE COMPANY, the Procter & Gamble Distributing Company, the Procter & Gamble Manufacturing Company, Defendants.**

**Civ. A. No. 65–186–C.**

United States District Court
D. Massachusetts.

Jan. 18, 1967.

———◆———

Russell H. McGuirk, of Flynn, Powell & McGuirk, Portsmouth, N. H., for plaintiff.

Charles F. Choate, Choate, Hall & Stewart, Boston, Mass., and Albert E. Strasser, of Yungblut, Melville, Strasser & Foster, Cincinnati, Ohio, for defendant.

## OPINION

CAFFREY, District Judge.

This is a civil action which came before the Court on defendants' motion for summary judgment upon the basis of the amended complaint, answer, interrogatories and answers thereto, and extensive depositions with copious exhibits attached. The motion is also supported by the affidavit of R. J. C. Hoskin and opposed by the affidavit of Louis G. Thackeray. The following facts appear from the voluminous accumulation of papers on file in the case:

Plaintiff is an individual who resides in Haverhill, Massachusetts. Defendants, Procter & Gamble Company, Procter & Gamble Distributing Company, and Procter & Gamble Manufacturing Company, are corporations, each organized under the laws of the State of Ohio. Jurisdiction of this court is invoked on the basis both of diversity of citizenship and the copyright laws of the United States.

Plaintiff, since 1955, has been engaged in devising games, contests, contest rules and contest entry blanks. He obtained copyrights on various games or contests, contest rules, etc. in 1955, 1956, 1958, 1959, 1964 and 1965.

The amended complaint alleges that a writing appended thereto as Exhibit A was devised by plaintiff prior to 1959,

that this writing consisted of an entry blank and rules for a contest in which the selection of winners was to be determined on the basis of a Social Security number, that this writing was designed and created by plaintiff, was wholly original with him, was copyrightable under appropriate law, was offered for sale to the defendants by plaintiff prior to 1963 and, finally, was copyrighted by him under Certificate of Registration A–718382 in July of 1964. He further alleges that he offered to sell this writing in 1963 to defendants, that he submitted a copy thereof to them, and that without his authority the defendants sponsored a "Shopping Fling Sweepstakes" to promote the sale of Tide, a product manufactured, marketed and advertised by them. The complaint further alleges that the Tide promotion used plaintiff's original writing, that he notified defendants that such use of his material was an infringement of his copyright and an unfair practice, despite which defendants conducted a second contest in the fall of 1964 utilizing the same material.

■ In support of their motion for summary judgment defendants urge that the subject matter of this suit as a matter of law does not consist of valid copyrightable material, on the basis of the well-established legal principle that a copyright does not and may not cover an idea or concept but may cover only a particular mode of expressing the idea or concept. Defendants also support their motion on the grounds that the uncontroverted affidavits establish that they had no access to plaintiff's allegedly original idea or concept until after they conducted their first Tide contest in 1963.

■■ An examination of the case file indicates that defendants are entitled to prevail on their motion for summary judgment upon both grounds asserted by them. I rule that absent a patent, plaintiff has no exclusive right in the idea or concept of conducting a sweepstakes or game, the winner of which is determined by the random selection of or other utilization of Social Security numbers, and that any variation of such an idea is not within the protection of the copyright laws. Affiliated Enterprises, Inc. v. Gruber, 86 F.2d 958 (1st Cir.1936) ; Chamberlin v. Uris Sales Corporation, 150 F. 2d 512 (2d Cir.1945). An examination of plaintiff's Exhibit A to the complaint makes clear that it contains no original creative authorship. It is equally clear that the information elicited by his Rule No. 1 is substantially the same information that anyone conducting a game or sweepstakes based on Social Security numbers would perforce be required to elicit from a would-be contestant. See Gaye v. Gillis, 167 F.Supp. 416 (D.Mass. 1958). It is clear that what the Court observed there, at page 418, in denying copyright protection, is equally applicable here:

"* * * the copyright is not infringed by an expression of the idea which is substantially similar where such similarity is necessary because the idea or system being described is the same. * * * The instructions are similar in effect because since the method of doing business is similar, the procedure to be followed by the user of the coupons is necessarily similar."

■ The second grounds relied on by defendants, non-access, is established by the affidavit of R. J. C. Hoskin. There is no relevant contravening affidavit. I am satisfied that no material issue as to access or non-access by defendants lurks in this voluminous accumulation of papers, and that the defendants have proved, through the Hoskin affidavit, that in fact they had no access to plaintiff's "Match-Numbers Game" until after their employees had devised the Tide Sweepstakes. In so ruling I have in mind plaintiff's claim that he also submitted this identical scheme to thirteen large national companies, and the fact that defendants have established, by deposition, that representatives of all thirteen companies have written letters to defendants stating that each of them

never received the submission allegedly made to each by plaintiff.

The motion for summary judgment is allowed. In allowing this motion I have not ignored the allegedly opposing affidavit of Louis G. Thackeray which, in my judgment, fails to establish him as an expert whose opinion would be admissible in evidence at trial and whose affidavit, in any event, does not controvert in any material way the Hoskin affidavit, and, of course, it does not meet the purely legal issue as to whether or not the material in suit may be protected by a copyright as a matter of law.

Judgment for defendants.