**SIGNO TRADING INTERNATIONAL LTD., a New York corporation, Plaintiff,**

v.

**Ron GORDON and Friends-Amis, Inc., a California corporation, Defendants.**

No. C–80–4044.

United States District Court, N. D. California.

April 10, 1981.

Jonathan J. Wilcox and Edwin C. Holmer, III, Mills & Wilcox, San Francisco, Cal., for plaintiff.

Stuart R. Pollak and Jay M. Spears, Howard, Prim, Rice, Nemerovski, Canady, & Pollak, San Francisco, Cal., for defendants.

ORDER GRANTING DEFENDANT'S MOTION FOR DISMISSAL OF THE FIRST AND FOURTH CAUSES OF ACTION AND DENYING DEFENDANT'S MOTION FOR A MORE DEFINITE STATEMENT

HENDERSON, District Judge.

This case arises from ultimately unsuccessful negotiations for the purchase by Plaintiff of hand-held electronic translators from Defendant. (Defendant Friends-Amis, Inc. and its president, Defendant Ron Gordon, will be referred to collectively as "Defendant.") These translators were to translate English words into their Arabic counterparts, spelled phonetically using Roman letters. Plaintiff has alleged claims for copyright infringement, breach of confidential relationship, interference with contract, breach of licensing agreement, breach of contract, and fraud.

## I. MOTION TO DISMISS

### a. *Facts*

Defendant asks that Plaintiff's first and fourth causes of action, which assert claims for copyright infringement and for breach of a copyright licensing agreement, be dismissed for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The determinative question is whether Plaintiff holds a valid copyright. The relevant allegations, which for the purposes of this motion are assumed to be true, are as follows:

Defendant, a manufacturer of electronic translators, provided Plaintiff with its list of standard English words and phrases. The word list consists of approximately 850 single words and approximately 45 short phrases, generally two or three words in length, such as "how are you." Pursuant to an agreement with Defendant, Plaintiff translated the English words into the corresponding Arabic words and then transliterated those Arabic words into Roman letters and phonetic spellings. Defendant abrogated its business deal with Plaintiff and, without Plaintiff's consent, subsequently sold English-Arabic translators to other customers using the transliterations compiled by Plaintiff. Plaintiff has registered its copyright claim to the list of transliterations, and alleges that Defendant has infringed that copyright.

Although the English word list may be copyrightable, *see Schroeder v. William Morrow & Co.*, 566 F.2d 3, 5 (7th Cir. 1977), it clearly is not copyrightable by Plaintiff because it was devised by Defendant. 17 U.S.C. § 103(b). The only question then is whether Plaintiff's translations and transliterations are copyrightable.

b. *Originality*

■ To be copyrightable, Plaintiff's translations or transliterations must embody an element of originality. 17 U.S.C. § 102(a); *see generally* 1 *M. Nimmer on Copyright* § 2.01 *et seq.* (1980); P. Goldstein, *Copyright, Patent, Trademark and Related State Doctrines* 633–45 (1973). While the issue of originality is often a question of fact, *Dezendorf v. Twentieth Century-Fox Film Corp.*, 99 F.2d 850 (9th Cir. 1938), it may also be determined as a matter of law in appropriate circumstances. *E.g., Smith v. George E. Muehlebach Brewing Co.*, 140 F.Supp. 729 (W.D.Mo.1956); *Norden v. Oliver Ditson Co.*, 13 F.Supp. 415 (D.Mass.1936).

Translations of many things, such as literary works, are copyrightable to the extent that the translation involves originality. 17 U.S.C. § 103(b); *Nimmer, supra,* § 3.04. It is not the translations of the individual words that makes these works copyrightable, it is rather the originality embodied in the translator's contributions, for example, conveying nuances and subtleties in the translated work as a whole. Such originality is lacking from Plaintiff's translations of the single words and short phrases. Once it is determined what dialect is to be used, the translation of the word list, consisting primarily of single words, is a fairly mechanical process requiring little if any originality.

Plaintiff argues, however, that its choice of Arabic words from a variety of Arabic dialects and in some cases from several synonyms constitutes sufficient originality. These choices were made after considering the identity and purposes of the likely speakers and listeners. This may have involved considerable effort by Plaintiff, but effort is not the touchstone of originality. Plaintiff's effort was primarily a matter of determining the dialect spoken in the area where the translators were intended to be used and does not constitute an element of originality sufficient to make the translations copyrightable.

■ Plaintiff further argues that the transliterating of the Arabic words, in particular the selection of various Roman letters and combinations of Roman letters to create a phonetic sound as close as possible to the Arabic word, embodies sufficient originality to make the transliterations copyrightable. As with the translations, Plaintiff points out that this selection involves consideration of who the likely speakers and listeners will be. These transliterations, however, lack sufficient originality for the same reason that the translations lack originality. The phonetic spelling of foreign words, using standard Roman letters, simply does not embody sufficient originality to be copyrightable. *Cf. Brief English Systems v. Owen*, 48 F.2d 555, 556 (2nd Cir.), *cert. denied*, 283 U.S. 858, 51 S.Ct. 650, 75 L.Ed. 1464 (1931) (shorthand spellings not copyrightable). Indeed, the transliterations are only effective to the extent that the pronunciations are obvious and do not involve originality.

■ The fact that the translations/transliterations comprise a list can also not support a claim of originality for Plaintiff. A list of words may be copyrightable if the selection and arrangement of those words embodies the requisite originality. *See Schroeder, supra.* In this case, however, it was Defendant, not Plaintiff, who originally selected the words which comprise the list.

Because Plaintiff's translations and transliterations lack the requisite originality, Plaintiff's copyright is not valid.

#### c. *Use of an Idea*

■ There is a second, related reason that Plaintiff's copyright is not valid. It is well established that a particular expression of an idea may be copyrighted, but the idea itself and its use may not be copyrighted. *Baker v. Selden*, 101 U.S. 99, 25 L.Ed. 841 (1880). This principle, which is now codified, 17 U.S.C. § 102(b), "attempts to reconcile two competing social interests: rewarding an individual's creativity and effort while at the same time permitting the nation to enjoy the benefits and progress from use of the same subject matter." *Sid & Marty Krofft Television Productions, Inc. v. McDonald's Corp.*, 562 F.2d 1157, 1163 (9th Cir. 1977).

Under this principle, for example, an explanation of a system of shorthand is copyrightable, but neither the use of that system nor the shorthand spellings found in that work are copyrightable. Furthermore, the copyright on the explanation of the system does not bar others from writing their own explanations of the same system. *Brief English Systems, supra.*

In this case, Plaintiff might be able to copyright an explanation of its system of translation and transliteration, but it cannot copyright the use of that system or the particular transliterations which result from its application.

■ Plaintiff's argument that the transliterations are themselves the expression of an idea, and therefore copyrightable, is not persuasive. The "idea" is the method of combining Roman letters to obtain various sounds, and its expression would be an explanation of this method. *See Brief English Systems, supra.* Plaintiff's transliterations are an application of the idea, not its expression, and as such are not copyrightable. (Even if Plaintiff is correct, and the expression and the application of the idea are inseparable, it would still not be clear that the transliterations are copyrightable. *See Crume v. Pacific Mutual Life Ins. Co.*, 140 F.2d 182, 184 (7th Cir.), *cert. denied*, 322 U.S. 755, 64 S.Ct. 1265, 88 L.Ed. 1584 (1944) (no copyright protection for an explanation of a plan or method to the extent that the explanation is inseparable from the use of the plan or method); *Long v. Jordan*, 29 F.Supp. 287 (N.D.Cal.1939).)

#### d. *Conclusion*

It is inconceivable that anyone could copyright a single word or a commonly used short phrase, in any language. *See Dorsey v. Old Surety Life Ins. Co.*, 98 F.2d 872, 873 (10th Cir. 1938). It is also inconceivable that a valid copyright could be obtained for a phonetic spelling, using standard Roman letters, of such words or phrases. *See Brief English Systems*, 48 F.2d at 556. Although lists of words and translations of larger works may be copyrightable, Plaintiff cannot claim credit for any of the elements which make those things copyrightable. For these reasons, Plaintiff does not hold a valid copyright on the translations or transliterations, and Defendant's motion to dismiss the first and fourth causes of action is therefore GRANTED. This ruling makes it unnecessary to reach Defendant's alternative motion for summary judgment.

### II. MOTION FOR MORE DEFINITE STATEMENT

Defendant's motion for a more definite statement is DENIED. Plaintiff's complaint is not so vague or ambiguous that Defendant cannot reasonably be required to frame a responsive pleading. *See* Fed.R. Civ.P. 12(e); 5 C. Wright and A. Miller, *Federal Practice and Procedure* § 1377.

SO ORDERED.