G. R. LEONARD & CO., Plaintiff-Appellant,

v.

Stephen STACK, d/b/a Reliance Traffic Service, Defendant-Appellee.

No. 16100.

United States Court of Appeals Seventh Circuit.

Nov. 22, 1967.

Rehearing Denied Dec. 22, 1967.

Bradford Wiles, John Rex Allen, John R. Hoffman, Chicago, Ill., for appellant.

David P. List, Chicago, Ill., Leibman, Williams, Bennett, Baird & Minow, Chicago, Ill., of counsel, for appellee.

Before SCHNACKENBERG, CASTLE and CUMMINGS, Circuit Judges.

CASTLE, Circuit Judge.

The plaintiff-appellant, G. R. Leonard & Co., the publisher of "Leonard's Guide—Universal, 40th Annual Edition", a directory of parcel post, express, motor freight and railroad freight rates designed for the use of shippers, brought this suit in the District Court against the defendant-appellee, Stephen Stack, d/b/a Reliance Traffic Service alleging infringement of plaintiff's copyright on its publication. The complaint charged that plaintiff's copyright on the 1962 edition of its guide was infringed by the defendant in the preparation of his "Reliance Traffic Guide—Parcel Post Rates—Express Rates—Rail Rates and Routing" published in 1963, and sought recovery of damages, costs and attorneys' fees, and an award of injunctive relief. Following a six-day trial involving the

testimony of seven witnesses and the introduction of over 200 documentary exhibits, the court entered findings of fact and conclusions of law on the basis of which it awarded judgment for the defendant. Plaintiff appealed.

In essence, the District Court found there was *de minimis* copying but no improper or impermissible use of plaintiff's guide by the defendant in the preparation of its guide, and concluded that the publication of defendant's Reliance Traffic Guide in no way infringed upon plaintiff's copyright on the 1962 edition of its guide. In this connection, the District Court found that there was no substantial copying from plaintiff's guide; that the defendant's guide was the product of the independent research and labor of the defendant; that both plaintiff and defendant obtained the information contained in their respective guides from much of the same secondary source material such as express tariffs, the official list of railway stations, United States postal bulletins, and road maps, without any independent survey or field check; and that the similarity existing between the two guides is the natural result of the use made by each party of the same source materials and was not the result of copying.

■ Unless we are free to reject the critical factual findings of the District Court the legal conclusions the court drew therefrom must be accepted as being in accord with correct and controlling legal criteria. It is recognized that a compiler of a directory or the like may make a fair use of an existing compilation serving the same purpose if he first makes an honest, independent canvass; he merely compares and checks his own compilation with that of the copyrighted publication; and publishes the result after verifying the additional items derived from the copyrighted publication. Dun v. Lumbermen's Credit Ass'n, 7 Cir., 144 F. 83; Amdur, Copyright Law and Practice (1936), p. 786. Thus, in Hartford Printing Co. v. Hartford Directory & Publishing Co., 146 F. 332, 334 (D.C.Conn.1906) it is pointed out:

> "Moffatt v. Gill, 86 Law Times Rep. 465, expresses the rule in directory cases which has been sanctioned by the Circuit Court of Appeals for the Second Circuit. * * * In my opinion, the cases, both English and American, all come to this: You must not bodily transmit the results of another's labor from his sheets to your own; but, having made an honest canvass, you may use his work for the purpose of checking and revising your own, if you will do so honestly, independently, and thoroughly, and having done so, you may publish the final result. If you use another's copyrighted directory without thorough verification, you are, to the extent that you fail to carefully verify, guilty of the pure, unadulterated labor-saving device of copying. If you use it only for comparison, and then positively verify at the cost of your own exertion, you have not done wrong, because you have only used the copyrighted matter as a guide to the facts, which is the exact use to which the compiler has dedicated his book."

And, as later observed by Judge Learned Hand in Jewelers' Circular Pub. Co. v. Keystone Pub. Co., 274 F. 932, 935 (S.D.N.Y.1921):

> "Every one concedes that a second compiler may check back his independent work upon the original compilation, * * *"

Where, as here, copying is shown to have taken place the question of fair or unfair use arises, but as stated in West Publishing Co. v. Edward Thompson Co., 2 Cir., 169 F. 833, 861–862, it is a correct statement of the law that:

> "Even where there is some copying, that fact is not conclusive of infringement. Some copying is permitted. In addition to copying, it must be shown that this has been done to an unfair extent."

The District Court's finding of *de minimis* copying is based on the record disclosure that out of the 90,000 or more entries in defendant's guide five towns listed therein were copied from plaintiff's guide. In this connection the record reveals that in plaintiff's guide there were approximately 100 fictitious entries which were inserted for the purpose of trapping copyists, 50 of which "trap towns" were first inserted in the 1960 edition, and 5 of these trap towns appeared in defendant's guide. While the copying thus disclosed opened the door to consideration of whether there had been an unfair use of plaintiff's guide, the sole issue remaining is whether the extent of defendant's use of the guide was so great as to exceed the bounds of fair use and thus constitute an infringement.

■■ But on our appellate review of the trial court's resolution of this issue, unless we are free to reject the additional factual findings of the trial court, summarized above, the legal conclusions and the resulting judgment of the District Court must stand. Under Rule 52(a) of the Federal Rules of Civil Procedure (28 U.S.C.A.) those findings are binding on this Court unless they are "clearly erroneous". A finding is "clearly erroneous" only when it is without evidentiary support or "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed". United States v. United States Gypsum Co., 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746.

■ The extent of the use defendant made of plaintiff's guide is a factual question. Cf. Armour & Co. v. Wilson & Co., 7 Cir., 274 F.2d 143, 156, where this Court speaking *en banc* through Chief Judge Hastings pointed out that in determining the issue of the validity of a patent the element of the use made of the prior art is a factual determination.

The defendant's use of the plaintiff's guide is admitted. But the testimony of the defendant and of his witnesses is to the effect that defendant's use of the guide was confined to verification of his own independent research and labor. This testimony is supported by the volume of physical material in the form of defendant's original work sheets reflected in the record. It appears futile to claim that the elaborate and comprehensive system involved in their production was designed "merely as a cloak". Dun v. Lumbermen's Credit Ass'n, supra.

The plaintiff relies upon the "documentary evidence rule" (Henriksen v. Cory Corp., 7 Cir., 327 F.2d 409, 412; Taylor-Reed Corporation v. Mennen Food Products, Inc., 7 Cir., 324 F.2d 108, 111) and asserts that the court's findings are deprived of that degree of finality they would otherwise have if based principally upon the resolution of conflicting testimony of witnesses. In this connection the plaintiff urges that documentary evidence establishes that extensive use was made of its guide as the criterion for deciding whether a "no population town"[1] was of sufficient commercial importance to be included in the defendant's guide, and by such use numerous "no population towns" were selected by the defendant for inclusion in his guide. But the difficulty with plaintiff's position is that the documentary evidence upon which it relies does not "speak for itself" to supply evidentiary content in the form of proof of such unfair use by the defendant.

1. A "no population town" as that term is used in the record refers to a place shown on a map but for which no population figure is shown in the accompanying list of towns. It may or may not be of any significance to shippers, depending on other factors. The first step in compiling defendant's guide was the compilation of a list, by states, of populated towns taken from Rand-McNally maps and accompanying listings of towns. Additional entries were supplied from the United States Directory of Postoffices, the Railway Express Tariff, the official list of Open and Prepay Freight Stations, and other sources.

Plaintiff's evidence consists for the most part of testimonial analysis and interpretation made, and statistical data prepared, by its witnesses from the documentary material.

■ We perceive no purpose to be served by extending this opinion to encompass a detailed recital of the testimony and the content of the exhibits together with an appraisal of the theories plaintiff espouses with respect thereto. Suffice it to observe that the documentary material upon which the plaintiff relies, together with the testimony plaintiff adduced, warrants the drawing of inferences inconsistent with and directly opposed to the dispositive factual findings made by the trial court, but in our judgment, arrived at upon a consideration of the record in its entirety, it does not compel such inferences. On the record before us we cannot say that the failure of the trier of the facts to draw such inferences in the face of the testimony of defendant's witnesses was "clearly erroneous". We are left with no definite and firm conviction that a mistake has been made. Resolution of credibility is peculiarly within the province of the trier of the facts. And, likewise, so is determination whether an inference which is permissible, but not compelled, is to be drawn.

The judgment order of the District Court is affirmed.

Affirmed.

CUMMINGS, Circuit Judge (dissenting).

In my view, the findings supporting non-infringement are "clearly erroneous" within the meaning of Rule 52(a) of the Federal Rules of Civil Procedure. A tenth of the towns listed in defendant's Reliance Guide are no population towns.[1] The documentary evidence discloses that defendant's guide contains 16% of Rand McNally's no population towns. Of such towns in plaintiff's guide, 75.4% are in defendant's, and 96.6% of the no population towns in defendant's guide are in plaintiff's.[2] This overlap was never satisfactorily explained by defendant and shows that although defendant omitted 25% of the no population towns in plaintiff's guide, he included scarcely any such towns unless they were in plaintiff's guide. Here the testimony offered by defendant was conclusively rebutted by the unchallenged documents, so that on the entire evidence, one is "left with the definite and firm conviction that a mistake has been committed." United States v. United States Gypsum Co., 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746. Therefore, the no substantial copying findings should not be permitted to stand. Defendant's use of plaintiff's guide in selecting no population towns for his Reliance Guide was an unfair use and infringed plaintiff's copyright.[3] Other compelling proof of infringement appears in defendant's copying of five of plaintiff's 50 new fictitious "trap" towns into the Reliance Guide, his use of plaintiff's guide in updating post office information in various states, and in common errors with respect to a post office and several express offices in Utah. The judgment should be reversed.

1. Rand McNally pocket maps of the states include a booklet listing each state's towns alphabetically. These lists include many places for which no population is shown; these are the no population towns.

2. These percentages are taken from a sampling over various states, but their accuracy as representative of all states has not been disputed by plaintiff.

3. Adventures in Good Eating, Inc. v. Best Places to Eat, Inc., 131 F.2d 809, 811 (7th Cir. 1942); List Publishing Co. v. Keller, 30 F. 772, 773–774 (C.C.S.D.N.Y. 1887); Nimmer on Copyright (1967), § 29.4.