Charles E. SCHROEDER and Marion S. Schroeder, Plaintiffs-Appellants and Cross-Appellees,

v.

WILLIAM MORROW AND COMPANY and George Banta & Co., Defendants-Appellees and Cross-Appellants.

Nos. 76–2205, 76–2206.

United States Court of Appeals, Seventh Circuit.

Argued April 19, 1977.

Decided Aug. 10, 1977.

Rehearing Denied Oct. 7, 1977.

As Amended Dec. 7, 1977.

**4**

William E. Lucas, Howard H. Rogers, Jr., Chicago, Ill., for plaintiffs-appellants and cross-appellees.

George Gottlieb, New York City, Joseph T. Stachura, Glenview, Ill., for defendants-appellees and cross-appellants.

Before PELL, TONE and WOOD, Circuit Judges.

TONE, Circuit Judge.

In this action for infringement of a copyright on a gardening directory, some copying was conceded. The issue is whether it amounted to infringement or, as the District Court held, was permissible because limited to information in the public domain. We hold that infringement occurred.

Plaintiff Marion S. Schroeder was the compiler of *The Green Thumbook*, for which a concededly valid copyright was issued. Defendants are the publisher and the printer of the accused book, *The Gardener's Catalogue*. We cannot improve on the description of the books and the manner of their preparation which appears in the opinion of the District Court, 421 F.Supp. 372, 374–376, to which reference is made for a full statement of the facts. A brief synopsis will suffice here. Plaintiffs' book consists of listings of the names and addresses of suppliers of seeds, plants, publications, and other items useful to gardeners, with information about each supplier listed; and a similar list of plant societies. Defendants' book is much more voluminous. It includes gardening advice and information, illustrations, and miscellaneous similar material, in addition to listings of plant societies and suppliers of seeds, plants, etc. Without independent checking or verification, the compilers of defendants' book copied the names and addresses, but not the other information, appearing on 27 of the 63 pages of plaintiffs' book.[1] The copied

---

1. The following excerpts from the two books show the nature of the copying:

| Plaintiffs' | Defendants' |
|---|---|
| ARMSTRONG NURSERIES, Ontario CA 91761. 714-984-1211. Roses: bush, tree and climbing. One of the country's outstanding growers; introduced more than 170 patented varieties with many AARS winners. 44 p., 8-1/2 x 11, color il. | Armstrong Nurseries, Ontario, Canada 91761 |
| JACKSON & PERKINS CO., Medford OR 97501. World's largest rose grower is well known to most gardeners. Many famous varieties. 40 p., 8-1/4 x 10-1/4, color il. | Jackson & Perkins Co., Medford, Ore. 97501 |
| JOSEPH J. KERN ROSE NURSERY, Box 33, Mentor OH 44060. 216-255-8627. Wide selection of old and uncommon roses, as well as general varieties. 12 p., 5-3/4 x 8-3/4. | Joseph J. Kern Rose Nursery, Box 33, Mentor, Ohio 44060 |
| MINIATURE PLANT KINGDOM, 4488 Stoetz Ln., Sebastopol CA 95472. 707-823-3023. Some 200 varieties of miniature roses, including climbers. 12 p. price list, 7 x 8-1/2. | Miniature Plant Kingdom, 4488 Stoetz Ln., Sebastopol, Calif. 95472 |
| MINI-ROSES, Box 4255, Sta. A, Dallas TX 75208. 214-946-3487. Miniatures, many varieties; specially priced collections. 14 p., 4 x 9, il. | Mini-Roses, Box 4255, Sta. A, Dallas, Texas 75208 |

names and addresses, which amount to about one per cent of defendants' book, were publicly available, but plaintiff Marion S. Schroeder had collected and categorized them by her own individual effort. In compiling two of the lists, she had used other published lists, but there was evidence, in the form of testimony and the various lists themselves, that she had not merely copied the other lists but had used them for verification or checking or to obtain sources of information.

Copyrights on compilations such as plaintiffs' are provided for in § 7 of the Copyright Act, 17 U.S.C. § 7:

"Compilations or abridgments, adaptations, arrangements . . . or other versions of works in the public domain or of copyrighted works when produced with the consent of the proprietor of the copyright in such works . . . shall be regarded as new works subject to copyright under the provisions of this title; but the publication of any such new works shall not affect the force or validity of any subsisting copyright upon the matter employed or any part thereof, or be construed to imply an exclusive right to such use of the original works . .."

The District Court held that § 7 protected Marion S. Schroeder's "descriptions of the various sources and publications" and "the totality of her work," but not the categorized lists of names and addresses otherwise in the public domain. Because the compilers of defendants' catalogue had "limited their copying to information . . . in the public domain," and had eschewed those

marks of originality for which Marion S. Schroeder was entitled to "the reward of a compilation copyright," they had not infringed the copyright. Plaintiffs appeal from the judgment, and defendants cross-appeal from the District Court's denial of their request for attorneys' fees.

 We hold that plaintiffs' copyright was infringed. An original compilation of names and addresses is copyrightable even though the individual names and addresses are in the public domain and not copyrightable. *Leon v. Pacific Tel. & Tel. Co.,* 91 F.2d 484 (9th Cir. 1937); *Jeweler's Circular Pub. Co. v. Keystone Pub. Co.,* 281 F. 83, 87–88 (2d Cir.), *cert. denied,* 259 U.S. 581, 42 S.Ct. 464, 66 L.Ed. 1074 (1922). As the latter case observed, only "industrious collection," not originality in the sense of novelty, is required. See also *Gelles-Widmer Co. v. Milton-Bradley Co.,* 313 F.2d 143, 146 (7th Cir.), *cert. denied,* 373 U.S. 913, 83 S.Ct. 1303, 10 L.Ed.2d 414 (1963). Thus we reject defendants' contention, first raised at oral argument, that the "novelty" requirement of patentability is applicable to copyrights as well. *Cf. L. Batlin & Son, Inc. v. Snyder,* 536 F.2d 486, 490 (2d Cir.) (*in banc*), *cert. denied,* 429 U.S. 857, 97 S.Ct. 156, 50 L.Ed.2d 135 (1976), distinguishing between the "novelty" required for patentability and the "originality" necessary for copyright protection. The copyright protects not the individual names and addresses but the compilation, the product of the compiler's industry. Another is entitled to make his own compilation of the same names and addresses, using information in the public

| Plaintiffs' | Defendants' |
|---|---|
| MOORE MINIATURE ROSES, Box 853, Gloucester MA 01930. Miniatures and "microminis;" special collections. 10 p. price list, 4 x 9. | Moore Miniature Roses, Box 853, Gloucester, Maine 01930 |
| PIXIE TREASURES, MINIATURE ROSE NURSERY, Box 11611, Santa Ana CA 92711. 714-639-2876. Exclusive miniature rose hybrids by Dr. Dennison Morley; many varieties including trees. 10 p., 6 x 9, il. | Pixie Treasures, Miniature Rose Nursery, Box 11611, Santa Ana, Calif. 92711 |

domain, but he is not entitled merely to copy the copyrighted list. *G. R. Leonard & Co. v. Stack,* 386 F.2d 38, 39 (7th Cir. 1967).

■ The validity of plaintiffs' copyright is not disputed. It is clear from the District Court's findings that the bulk of the compilations in plaintiffs' directory were made with substantial independent effort and not by merely copying from other sources. The use of another copyrighted directory to obtain sources of information or for verification and checking, to the extent it occurred, was not wrongful and did not put plaintiffs' compilation beyond the protection of the statute. See *G. R. Leonard & Co. v. Stack, supra,* 386 F.2d at 39. The compilers of defendants' book, it is also clear, simply copied into their own book, without any independent effort or even verification, virtually all the names and addresses appearing on 27 of the 63 pages of plaintiffs' book. The large staff that prepared defendants' book was saved "a few days" time and effort by this copying at a time when they were working "14 to 16 hours a day, seven days a week" to meet a deadline, which they barely met. As the Second Circuit held in *Orgel v. Clark Boardman Co.,* 301 F.2d 119, 120, *cert. denied,* 371 U.S. 817, 83 S.Ct. 31, 9 L.Ed.2d 58 (1962):

> "Appropriation of the fruits of another's labor and skill in order to publish a rival work without the expenditure of the time and effort required for independently arrived at results is copyright infringement." (Footnote omitted.)

■ Defendants are not exonerated by the fact that the compilers of their book copied only the names and addresses and not the accompanying descriptive material that appeared in plaintiffs' book. The copyright protected not merely the descriptive material but also "the selection, the ordering and arrangement" of the names and addresses. *Edwards & Deutsch Lithographing Co. v. Boorman,* 15 F.2d 35, 36 (7th Cir.), *cert.denied,* 273 U.S. 738, 47 S.Ct. 247, 71 L.Ed. 867 (1926). Plaintiffs' cata-

logue would have been copyrightable without the descriptive material. The inclusion of that material, which was also copyrightable, did not destroy the protection the law affords the compilation of names and addresses.

■ The District Court found it unnecessary to reach defendants' alternative defense of fair use, see *Eisenschiml v. Fawcett Publications, Inc.,* 246 F.2d 598 (7th Cir.), *cert. denied,* 355 U.S. 907, 78 S.Ct. 334, 2 L.Ed.2d 262 (1957), but expressed doubt as to the merits of that defense because "the material taken from plaintiffs' book, *The Green Thumbook,* was substantial in quantity and regarded by defendants as 'the most important strata' of *The Gardener's Catalogue.*"[2] This doubt was well founded, and we reject the fair use argument for the reasons on which the doubt was based. We add that the value of the material copied is demonstrated not only by the admission referred to by the District Court, but also by the fact that the copying of the material by the compilers without independent checking enabled them to meet an important deadline. See *Mathews Conveyor Co. v. Palmer-Bee Co.,* 135 F.2d 73, 85 (6th Cir. 1943).

Finally, defendants' cross-appeal from the denial of attorneys' fees is frivolous. It is plaintiffs who are entitled to an allowance of attorneys' fees.

■ The judgment is reversed and remanded to the District Court for a determination of the appropriate relief and the entry of judgment in plaintiffs' favor. Whether an injunction is necessary at this time will depend on whether any copies of the infringing edition of *The Gardener's Catalogue* are still available for sale. Contrary to plaintiffs' contention at oral argument before us, damages need not be measured by the entire profit earned by defendants on the infringing book but may be in an amount commensurate with the value of

---

**2.** See the passage from *The Gardener's Catalogue* quoted at 421 F.Supp. at 376. We are not persuaded by defendants' argument that

the passage was merely included "for publicity purposes, to be picked up by book reviewers."

 

the infringing material in relation to the book as a whole. *Sheldon v. Metro-Goldwyn Pictures Corp.*, 309 U.S. 390, 402, 60 S.Ct. 681, 84 L.Ed. 825 (1940).

REVERSED AND REMANDED.