**RAND McNALLY & COMPANY, Plaintiff,**

**v.**

**FLEET MANAGEMENT SYSTEMS, INC. d/b/a/ Logistics Systems, Defendant.**

**No. 80 C 4499.**

United States District Court, N.D. Illinois, E.D.

Feb. 27, 1986.

Daniel W. Vittum, Jr., Sheri J. Engelken, Kirkland & Ellis, Chicago, Ill., for plaintiff.

David Hilliard, Patricia Smart, Pattishal, McAuliffe & Hofstetter, Chicago, Ill., Joel Z. Kozol, Richard M. Zinner, Friedman & Atherton, Boston, Mass., for defendant.

**MEMORANDUM OPINION AND ORDER**

GETZENDANNER, District Judge:

This action for copyright infringement is before the court on the motion of defend-

---

ant Fleet Management Systems, Inc. d/b/a Logistics Systems ("Logistics") for reconsideration of this court's July 25, 1984 order granting partial summary judgment to plaintiff Rand McNally & Co. ("Rand McNally"). For the reasons set forth herein, the court reconsiders and reaffirms its earlier conclusions. The motion to reconsider and vacate is therefore denied.

The facts of this case have been set forth at length in two previously published opinions and will not be repeated here. *Rand McNally & Co. v. Fleet Management Systems*, 591 F.Supp. 726 (N.D.Ill.1983) ("*Rand McNally I*") and *Rand McNally & Co. v. Fleet Management Systems*, 600 F.Supp. 933 (N.D.Ill.1984) ("*Rand McNally II*").

Shortly after the latter opinion was issued, the parties agreed to settle the case. The action was therefore dismissed but later reinstated when the settlement decree in effect fell apart. Although technically denominated as a motion to reconsider the court's July 1984 opinion, defendant's motion chiefly argues that this court's analysis in both of its prior opinions has been rendered incorrect as a result of subsequent rulings in *Harper & Row, Publishers, Inc. v. Nation Enterprises*, — U.S. —, 105 S.Ct. 2218, 85 L.Ed.2d 588 (1985), and *Rockford Map Publishers, Inc. v. Directory Service Co.*, 768 F.2d 145 (7th Cir. 1985), *cert. denied*, — U.S. —, 106 S.Ct. 806, 88 L.Ed.2d 781 (1986), with particular emphasis on the latter opinion. Defendant argues first that this court erroneously relied on "industrious effort" as the most important question in determining the copyrightability of Rand McNally's mileage segment data, and second that this court improperly extended copyright protection for factual compilations to the underlying facts themselves.[1]

In *Rockford Map*, the Seventh Circuit for the first time since 1977 addressed at length the standards for copyright protec-

tion concerning "compilations" of fact as defined in 17 U.S.C. § 103(a). Rockford Map was a publisher of rural plat maps which it initially developed from independent analysis of aerial photographs and recorded land titles, and which it then "updated" through a simple verification process. Defendant Directory Service Co., also a publisher of plat maps, instructed an employee to use Rockford Map's plat maps as a "base" or "template" to be updated and augmented from current public records. Where subsequent records revealed the template to be accurate, the defendant would simply check the box on Rockford's map for use in its own product. The district court found defendant's practice to constitute copyright infringement, and the Seventh Circuit affirmed.

On appeal, Directory Service's principal argument was that Rockford Map produced its plat maps "with so little effort" that the result was not copyrightable. (The process of updating took Rockford Map approximately 14 hours, whereas Directory Service's verification process took over 40 hours.) The Seventh Circuit disagreed, noting that the "input of time is irrelevant," 768 F.2d at 148, and that copyrightability lay in "the fact that [Rockford Map] made a contribution—a new arrangement or presentation of facts—and not on the amount of time the work consumed." 768 F.2d at 149. The Court also noted that the copyrightable "contribution of a collection of facts lies in their presentation, not in the facts themselves." 768 F.2d at 149. *See also Harper & Row*, 105 S.Ct. at 2224 ("[N]o author may copyright facts or ideas. The copyright is limited to those aspects of the work—termed 'expression'—that display the stamp of the author's originality.")

Logistics argues that the last two quotations require reconsideration of the court's earlier opinions in this action. Logistics places particular reliance on the language

---

**1.** Defendant also argues that this court's order, by protecting "facts," violates the first amendment. The court notes that this argument is not based on *Harper & Row* or *Rockford Map*, and is therefore not proper grounds for reconsidera-

tion. In any event, this court's order does not bar defendant from disseminating mileage data, merely from appropriating plaintiff's data in toto.

in *Rockford Map* which limits copyrights protection to "arrangement and presentation" of information and argues therefore that copying of the information itself, even in its entirety, cannot be infringement. This argument is based both on the rule forbidding copyright protection for "facts" and the radical difference in arrangement between Rand McNally's published guide and Logistics' computer data base.

Contrary to Logistics' contention, however, this court did not extend Rand McNally's copyright protection in the present case to underlying facts. The court noted explicitly in *Rand McNally I* that "facts, the subject of compilations, alone are not copyrightable" and accepted as given the proposition that "facts, as opposed to their means of expression, are denied copyright protection." 591 F.Supp. at 731. The court further noted that this general principle presents intellectual difficulties in sorting out the rationale for copyright protection of factual compilations, but relied on longstanding legal authority upholding the copyrightability of such compilations. While the court spoke in terms of the copyrightability of the "data" and not in terms of the copyrightability of the "compilation," a close reading of the opinion demonstrates that the references to "data" concern the data as a whole in its compiled form, since this is what Logistics admittedly copied, and not underlying facts. Both *Harper & Row*, 105 S.Ct. at 2224, and *Rockford Map*, 768 F.2d at 149, reaffirm the copyrightability for factual compilations, and therefore do not require reconsideration of this court's earlier opinions in this regard.

The fact that Logistics' computer data base is different in form from Rand McNally's published guide does not change this conclusion, since the copying implicitly encompassed Rand McNally's "selection" and "presentation" of facts. As explained in *Rand McNally II*:

> The data from the maps ... is simply copied, albeit in another arrangement, into the data base. The way that information must be formatted in order to be

of use by a particular computer or program should not prevent a finding of infringement. The irrelevance of the arrangement of data in the context of a computer data base is highlighted by the fact that the Compu.Guide is marketed as a computerized version of the *Mileage Guide*....

600 F.Supp. at 942. *Accord, West Publishing Co. v. Mead Data Central, Inc.*, 616 F.Supp. 1571, 1578, 1580 (D.Minn.1985); *National Business Lists, Inc. v. Dun & Bradstreet, Inc.*, 552 F.Supp. 89, 97 (N.D. Ill.1982). While *Rockford Map's* language certainly lends some force to Logistics' disagreement with this point, the Court in *Rockford Map* was not faced with this situation, and *Rockford Map* does not mandate a different result.

There is nonetheless no doubt that both of the earlier opinions in this case would have been reasoned differently had *Rockford Map* been issued. In *Schroeder v. William Morrow & Co.*, 566 F.2d 3, 5 (7th Cir.1977), the Seventh Circuit held that only "industrious collection," and not "originality," i.e., novel presentation or arrangement, was required for copyright protection of factual compilations. Accordingly, this court in *Rand McNally I* relied on a "labor theory" of copyright protection for factual compilations, 591 F.Supp. at 732, and denied summary judgment for the plaintiff at that time based on its failure to show a "sufficient effort to qualify for compilation protection" in connection with its 1978 and 1982 mileage guides. In *Rand McNally II*, the court, having received further evidence on this aspect of the case, proceeded from the assumption that the "most important question in determining whether the segment mileage data is copyrightable concerns the effort involved in compiling that data." 600 F.Supp. at 936. Under *Rockford Map*, this latter inquiry— the chief effect of which was to put an extra burden on Rand McNally of showing industriousness—was unnecessary. Rather, the court's analysis should have questioned whether the compilation as a whole was a copyrightable arrangement and presentation of information, and then, without

reference to the amount of labor involved on Rand McNally's part, addressed whether Logistics' inputting of that information into its computer data base constituted infringement of that arrangement.

■ As to the first of these issues, the court finds that Rand McNally's mileage guides are copyrightable material under the standard in *Rockford Map*. The collection of numerous maps and the arrangement of data from those maps into tables and segmented maps involves a "new arrangement or presentation of facts," and hence a copyrightable "contribution."

As to the second issue, *Rockford Map* did not address whether the wholesale inputting of data from a copyrightable compilation constitutes unlawful copyright infringement. While the Court said that Rockford Map's copyright was limited to "the arrangement and presentation of the information," the court went on in dicta to opine that a compiler of factual information who starts "with the selection, ordering and arrangement" of a prior compilation commits copyright infringement. 768 F.2d at 149. The court's language on this point is rather severe and favors Rand McNally:

> All concede, as Learned Hand said in *Jeweler's Circular, supra,* 274 F. [932] at 935, that "a second compiler may check back his independent work upon the original compilation." The right to "check back" does not imply a right to start with the copyrighted work. Everyone must do the same basic work, the same "industrious collection." "A subsequent compiler is bound to set about doing for himself what the first compiler has done." *Kelly v. Morris,* [1866] 1 Eq. 697, 701 (Wood, V.C.). The second compiler must assemble the material as if there had never been a first compilation; only then may the second compiler use the first as a check on error.

*Id.*

■ In this case, Logistics admitted that Rand McNally's mileage tape containing the key point pair mileages for the 1978 *Mileage Guide* was copied in its entirety into the data base of its Compu.Guide system, and admitted that at least 100,000 red and black mileage segments (an estimated 80% or more of the segment mileages selected and presented by Rand McNally) from the 1978 *Mileage Guide* were also copied into its data base. *See* 600 F.Supp. at 942–43. Such wholesale inputting of data, as in *Rockford Map,* exemplifies the situation of a second compiler's beginning with the selection, ordering, and arrangement of an earlier compilation rather than making an independent production. Under *Rockford Map* as well as under the earlier authority relied on by this court, such action constitutes copyright infringement. *See also Eckes v. Card Prices Update,* 736 F.2d 859, 862 (2d Cir.1984) (stating in dictum that "wholesale appropriation" of research might constitute infringement even under restrictive standard of Second Circuit copyright law).

In one particular, however, the court is concerned that its earlier analysis may have been in error. The court held in its July 1984 opinion that not only the wholesale copying of data, but also the computation of updated key point pair mileages in the Compu.Guide from red and black segment mileages of the 1982 *Guide,* would be unprotected copying. 600 F.Supp. at 942. The parties have not framed their present arguments in terms of particular findings, and the court has not reexamined the evidentiary materials submitted in connection with the earlier motions. Based solely on a reading of *Rand McNally II,* it is possible that the above act of computation is qualitatively different than the copying referred to above, and might not involve the same appropriation of selection and arrangement. However, since the defendant has not made this particular argument, and since the court views this distinction as potentially immaterial, the court will adhere to its earlier conclusions unless defendant re-raises this limited matter by appropriate motion.

No doubt Logistics' present motion was prompted by the fact that other circuits, in limiting copyright protection for compilations to matters of "arrangement" or "se-

lection," have concentrated on the "originality" of the selection or arrangement, and not the industriousness of the efforts in developing that information. *See, e.g., Miller v. Universal City Studios, Inc.*, 650 F.2d 1365, 1369 (5th Cir.1981). Thus, an implicit theme in Logistics' argument is that the Seventh Circuit in *Rockford Map*, by using this language of "arrangement," was moving away from cases like *Schroeder*, which give very strong copyright protection to factual compilations, and moving towards the analysis of courts such as *Miller*.

The court disagrees. It is unfortunate that the Seventh Circuit in *Rockford Map* addressed the law in this area as if it were a seamless and not a tangled web. The copyrightability of factual compilations, as this court recognized in *Rand McNally I*, presents intellectual difficulties in determining where protectible copying of facts ends and unlawful copying of the compilation begins. Case law and scholarly authority published since this court's July 1984 opinion only confirm the degree to which the courts are divided on the scope of copyright protection in this area. *See Financial Information, Inc. v. Moody's Investors Service, Inc.*, 751 F.2d 501, 507 (2d Cir.1984) (referring to compilation protection as a "conundrum" of copyright law); *Eckes v. Card Prices Update*, 736 F.2d 859, 862 (2d Cir.1984) (noting that Second Circuit has been "particularly restrictive in the protection of non-fiction works"); 1 M. Nimmer, *Nimmer on Copyright*, § 3.04, at 3–20 (1985) (arguing that a compiler's original contribution is no basis for protecting public domain materials compiled when the "original selection or arrangement" is not copied and citing conflicting cases); Patry, *Copyright in Collections of Facts: A Reply*, 6 Communications and The Law 11, 27 (1984) (arguing that a focus solely on selection and arrangement of data gives protection to labor qua labor in contravention of 17 U.S.C. § 101). The latter two commentators have specifically disagreed with this court's opinions in *Rand McNally I & II*. (Mr. Nimmer was of counsel to defendant in this case, as he acknowledges in his treatise § 304 at n. 20.)

The Court in *Rockford Map* gave no indication that it considered the question before it to be one on which courts have given differing answers, and, in consequence, used language with conflicting implications, i.e., it limited copyright protection to matters of arrangement but then said that compilers of factual data may not work from a previous compilation. Perhaps the Court's oversight can be explained by the fact that the panel was addressing a case of an infringing mapmaker rather than an infringing compiler. Only in the latter situation have the courts shown great division. For purposes of this case, what is important is that the Seventh Circuit did not repudiate its earlier authority for copyright protection of factual compilations, and gave no express indications that it intended henceforth to follow the more restrictive authority of the second or fifth circuits. The court therefore concludes 1) that *Schroeder* remains good law in this circuit, and 2) that to the extent *Rockford Map* dictates a different inquiry, Rand McNally is still entitled to partial summary judgment. The grant of summary judgment entered in July of 1984 therefore stands.

Accordingly, the motion to reconsider is denied. Denial of this motion, however, is without prejudice to a motion arguing that computation of key point pair mileages from Rand McNally's red and black segment mileages does not constitute copyright infringement under the standards set forth in this opinion.

It is so ordered.