**ILLINOIS BELL TELEPHONE COMPANY, Plaintiff–Appellee,**

v.

**HAINES AND COMPANY, INC., Haines Criss + Cross Publishers, Inc., William K. Haines, Sr., and William K. Haines, Jr., Defendants–Appellants.**

**HAINES AND COMPANY, INC., and Haines Criss + Cross Publishers, Inc., Counterclaimants–Appellants,**

v.

**ILLINOIS BELL TELEPHONE COMPANY, Counterdefendant–Appellee.**

No. 89–2207.

United States Court of Appeals, Seventh Circuit.

Argued April 2, 1990.

Decided June 25, 1990.

Order on Denial of Rehearing and Rehearing En Banc Aug. 6, 1990.

on both counts, and Haines appeals. For the following reasons, we affirm the decision of the district court.

Robert Guritz, L. Bow Pritchett, Ronald E. Cundiff, James R. Bryant, Jr., Chicago, Ill., Michael Kellogg, Mayer, Brown & Platt, Washington, D.C., for plaintiff-appellee.

Edward G. Wierzbicki, Jeremiah D. McAuliffe, Craig S. Fochler, Thomas P. Arden, Pattishall, McAuliffe, Newbury, Hilliard & Geraldson, Chicago, Ill., Bernard A. Barken, St. Louis, Mo., for defendants-appellants and counterclaimants-appellants.

Richard D. Grauer, Frank K. Zinn, Dykema & Gossett, Detroit, Mich., for Cross Reference Directory Publishers amicus curiae.

Lawrence Gunnels, Rosanne J. Faraci, Mayer, Brown & Platt, Chicago, Ill., for Illinois Telephone Ass'n, Inc. amicus curiae.

John C. McNett, Spiro Bereveskos, Woodard, Emhardt, Naughton, Moriarty & McNett, Indianapolis, Ind., James E. Taylor, Jack C. Lorenz, St. Louis, Mo., for Southwestern Bell Telephone Co. amicus curiae.

Before FLAUM and KANNE, Circuit Judges, and NOLAND, Senior District Judge.[*]

FLAUM, Circuit Judge.

Illinois Bell Telephone Company ("Illinois Bell") brought suit against Haines and Company, Inc., ("Haines") for copying information from its "white pages" telephone directory and including it in Haines' street address directory and thus infringing on Illinois Bell's copyright. Haines counterclaimed for alleged Sherman Act violations by Illinois Bell. The district court granted summary judgment in favor of Illinois Bell

### I.

Illinois Bell is a public utility providing general telephone services to the public. It is required by law to distribute to its subscribers a white pages telephone directory. The white pages, the familiar telephone book, is primarily comprised of alphabetical listings of its customer's names followed by street and telephone number information. Haines publishes cross reference directories under the "criss + cross" trademark. This appeal concerns Haines publication of its street address directory ("SAD"). The SAD lists streets in alphabetical order. Beneath each street listing, addresses on the street are listed in ascending numerical order. Adjacent to the address is the resident's last and first name, telephone numbers, the year the listing was last updated, the type of building at the address, and other useful information. *See Illinois Bell Telephone Co. v. Haines and Co.*, 683 F.Supp. 1204 (N.D.Ill.1988) (detailing background information concerning Illinois Bell's & Haines' directories).

From 1971 until 1981, Haines and Illinois Bell entered into agreements, renewed each year, under which Illinois Bell provided to Haines advance "signature copies" of its white pages received from the printer prior to public distribution. Haines used the signature copies to discover new or changed names or telephone numbers to be included in its directories. Under the agreements, Illinois Bell billed Haines for every listing contained in the signature copies.

In 1982, Haines refused to renew the license agreement with Illinois Bell, stating it would rely on "other sources." One of the other sources turned out to be the published form of Illinois Bell's white pages. Illinois Bell discovered this use when it noticed that ten of twelve fictitious listings planted in the 1982 white pages appeared in Haines' directories. In 1983, thirteen of fourteen fictitious listings ap-

[*] The Honorable James E. Noland, Senior District Judge for the Southern District of Indiana, is sitting by designation.

peared in Haines' directories. Illinois Bell complained to Haines about this illicit use of the white pages and requested payment for the listings. Haines refused to pay.

Illinois Bell filed suit in the United States District Court for the Northern District of Illinois alleging Haines violated its copyrights in the white pages. Haines counterclaimed against Illinois Bell for alleged violations of the Sherman Antitrust Act. The district court granted Illinois Bell's motion for summary judgment, holding that Illinois Bell has a valid copyright interest in its telephone directories and that Haines' 1982 and 1983 SADs infringed on those copyrights. On the counterclaim, the district court determined that there were no genuine issues of material fact and that Illinois Bell was entitled to summary judgment as a matter of law. Haines challenges these findings on appeal as well as the district court's grant of stat. tory damages and attorneys' fees in favor of Illinois Bell. For the reasons stated below, we affirm the district court.

## II.

■ We begin with Haines' appeal from the grant of summary judgment on the copyright claim. Haines argues on appeal, as it did in the district court, that in taking the information from Illinois Bell's directory it merely copied facts which contain no elements of expression and are uncopyrightable. Haines relies on *Harper Row Publishers, Inc. v. Nation Enterprises*, 471 U.S. 539, 547, 105 S.Ct. 2218, 2223, 85 L.Ed.2d 588 (1985), where the Supreme Court stated that § 102 of the Copyright Act provides "no author may copyright facts or ideas. § 102. The copyright is limited to those aspects of the work-termed 'expression'—that display the stamp of the author's originality." Haines argues that under *Harper Row Publishers*, compilations which are copyrightable under 17 U.S.C. § 103(a), are similarly protected only for the originality contributed by the author and not the underlying facts. There-. fore, Haines asserts, only an author's original contribution, which is defined in section 101 of the Copyright Act as the arrangement, coordination or selection displayed by the compilation, is copyrightable. In this respect, Haines alleges that Illinois Bell's white pages entail almost no originality and

the district court erred in granting copyright protection to the facts contained in Illinois Bell's directory.

The district court's well-reasoned opinion specifically rejected this assertion, and we agree that "[Illinois Bell] has shown that its directories have valid copyrights." *Illinois Bell*, 683 F.Supp. at 1207. In reaching this conclusion, the trial judge appropriately relied on this Court's decision in *Schroeder v. William Morrow & Co.*, 566 F.2d 3 (7th Cir.1977). *Schroeder* involved an action by a compiler of a book of listings of names and addresses of suppliers of seeds, plants, publications and plant societies that alleged copyright infringement against the publishers of a different gardening book who copied the names and addresses out of the plaintiff's book. In that decision, we held that "[a]n original compilation of names and addresses is copyrightable even though the individual names and addresses are in the public domain and not copyrightable" because it contains originality. *Id.* at 5. *Schroeder* remains valid precedent and is quite applicable to this appeal. Illinois Bell's directories are compilations of facts, consisting of names, addresses, and telephone numbers, and as such can be protected by copyright under *Schroeder*.

Our conclusion that the directories are copyrightable finds ample support from several circuits and the Supreme Court. First, in the Ninth Circuit opinion of *Leon v. Pacific Telephone and Telegraph Co.*, 91 F.2d 484 (9th Cir.1937), relied on by this Court in *Schroeder*, the Ninth Circuit held a publisher who rearranged an alphabetical telephone directory numerically violated the alphabetical directory publisher's copyright. Protection for compilers has also been cited with favor in *Harper & Row v. Nation Enterprises*, 471 U.S. 539, 547, 105 S.Ct. 2218, 2223, 85 L.Ed.2d 588 (1985) where the Supreme Court cited *Schroeder* for the proposition that "a compilation of pure fact, entails originality." The decision we reach today is more directly supported by the Eighth Circuit's opinion in *Hutchinson Telephone Co. v. Fronteer Directory Co.*, 770 F.2d 128, 131 (8th Cir.1985), where the court stated "[i]t thus appears, Congress intended that directories be copyrightable, thereby ratifying an unbroken line of cases holding telephone directories

to be copyrightable ... As to originality, where a telephone directory is assembled from data collected and constantly revised by the telephone company, courts consistently have held that such a directory is copyrightable. It is evident that a directory compiled by a telephone company from its internally maintained records may be said to be independently created." (citations omitted). In sum, we agree with the district judge's conclusion that Illinois Bell has a valid copyright in its white pages directory.

■ We now consider whether the district court properly concluded that Haines infringed upon the copyright. In support of its finding of infringement, the district court relied on this Court's opinion in *Rockford Map Publishers, Inc. v. Directory Service Co. of Colorado Inc.*, 768 F.2d 145 (7th Cir.) *cert. denied*, 474 U.S. 1061, 106 S.Ct. 806, 88 L.Ed.2d 781 (1986), an analogous case that held it is an infringement to create a second compilation by merely copying from the first copyrighted work. As stated in that case:

[A] second compiler may check back his independent work upon the original compilation. The right to 'check back' does not imply a right to start with the copyrighted work. Everyone must do the same basic work, the same 'industrious collection.' A subsequent compiler is bound to set about doing for himself what the first compiler has done. The second compiler must assemble the material as if there had never been a first compilation; only then may the second compiler use the first as a check on error.

*Id.* at 149. (citations omitted). In *Schroeder,* we also noted that "[a]nother is entitled to make his own compilation of the same names and addresses, using information in the public domain, but he is not entitled merely to copy the copyrighted list." 566 F.2d at 5–6. Haines' admitted use of Illinois Bell's directories is direct evidence of copying and is a copyright infringement. While Haines may use the same facts contained in Illinois Bell's directory, it must not obtain them by copying Illinois Bell's compilation. Therefore, we agree with the district court that Haines infringed on Illinois Bell's copyright.

■ Haines claims, however, that the district court erred in reaching its conclusion on infringement because it did not require Illinois Bell to prove substantial similarity between the copyrighted and alleged infringing works. This element is required, according to Haines, because only the use of substantially similar expression constitutes an infringing use. This is not the law.

■ To establish copyright infringement, a plaintiff must prove ownership of a valid copyright and that the defendant copied the plaintiff's work. *Atari, Inc. v. North American Philips Consumer Electronics Corp.*, 672 F.2d 607, 614 (7th Cir.), *cert. denied*, 459 U.S. 880, 103 S.Ct. 176, 74 L.Ed.2d 145 (1982). We have already determined that Illinois Bell has a valid copyright. To satisfy the copying element of infringement, direct evidence of copying will suffice. *See Atari*, 672 F.2d at 614. Establishing substantial similarity is necessary only when direct evidence of copying is unavailable. *Id.* at 614. Here there is direct evidence of copying, i.e. Haines admitted use of the information in Illinois Bell's directories to create its directory, and therefore, proof of substantial similarity is not required.

For the above-stated reasons, we agree with the district judge's conclusion that Haines infringed on Illinois Bell's copyright when it copied Illinois Bell's information. Haines must either pay for the listings or conduct its own search using the white pages only for verification, not as source material.

### III.

We now turn to Haines' antitrust counterclaim. On appeal, Haines asserts that the district court erred in its conclusion that Illinois Bell did not attempt to monopolize in violation of section 2 of the Sherman Antitrust Act, 15 U.S.C. § 2 ("the Sherman Act"). The district court reached its conclusion by determining that Haines failed to demonstrate the necessary specific intent for an attempt to monopolize claim. In this respect, the court determined that Illinois Bell did not withhold access to an essential facility on a discriminatory basis or illegally tie the purchase of unwanted listings to wanted listings.

Section 2 of the Sherman Act, along with its other provisions, prohibits attempts to monopolize. A plaintiff claiming that the defendant violated section 2 must prove specific intent, conduct manifesting an intent to monopolize, as well as a dangerous probability of success of monopolizing the relevant market. *Photovest Corp v. Fotomat Corp.*, 606 F.2d 704, 711 (7th Cir.1979) *cert. denied*, 445 U.S. 917, 100 S.Ct. 1278, 63 L.Ed.2d 601 (1980); *see also Swift & Co. v. United States*, 196 U.S. 375, 396, 25 S.Ct. 276, 279, 49 L.Ed. 518 (1905). Haines alleges Illinois Bell's denial of reasonable access to an essential facility and alleged discriminatory tying of useless directory listings to wanted listings are sufficient evidence of specific intent. *See Kearney & Trecker Corp. v. Giddings & Lewis, Inc.*, 452 F.2d 579, 598 at n. 49 (7th Cir.1971), *cert. denied*, 405 U.S. 1066, 92 S.Ct. 1500, 31 L.Ed.2d 796 (1972) (tying arrangements have been held to be evidence of specific intent to monopolize). We disagree.

A grant of summary judgment is proper if there is no genuine issue of fact and the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). Furthermore, summary judgment is a proper disposition in antitrust cases. *Valley Liquors, Inc. v. Renfield Importers, Ltd.*, 822 F.2d 656, 659 n. 5 (7th Cir.1987). A genuine issue of fact for trial exists only when there is sufficient evidence favoring the nonmovant for a jury to return a verdict for that party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In this analysis, we must not weigh the evidence, but we must determine if the evidence is sufficient. *Valley Liquors*, 822 F.2d at 659. In considering whether the evidence is sufficient, we draw all inferences in favor of the nonmovant and consider whether the substantive evidentiary standard of proof of preponderance of the evidence has been met. *Id.* at 659. Because we agree that there is no evidence of specific intent, the district court properly granted summary judgment on these claims.

Haines asserts that Illinois Bell's denial of reasonable access to an essential facility is evidence of specific intent. In viewing the evidence in the light most favorable to Haines, we assume without considering the merits, as did the district court, that Illinois Bell's white pages constitute an essential facility. The essential facilities doctrine imposes upon the controller of an essential facility the obligation to make the facility available to competitors on nondiscriminatory terms. *Fishman v. Estate of Wirtz*, 807 F.2d 520, 539 (7th Cir.1986); *see United States v. Terminal Railroad Association*, 224 U.S. 383, 410–11, 32 S.Ct. 507, 515–16, 56 L.Ed. 810 (1912). Haines alleges that Illinois Bell failed to comply with this requirement and that the district court, in determining Haines was not denied access to an essential facility, failed to analyze the relevant product market and other evidence of discrimination in pricing.

Although Haines' allegations may be evidence of an essential facility claim, they do not go to specific intent for an attempt to monopolize claim. The owner of an essential facility is defined as one who, for all practical purposes, possesses a monopoly and thus cannot also be guilty of an attempt to monopolize. Thus, this aspect of Haines' claim is without merit.

If Haines is making an essential facilities argument, however, it merely produces evidence we find to have been adequately considered and decided by the district court. The crux of Haines' evidence, alleging that the district court failed to consider the relevant market and discriminatory tying, merely asserts that it was not treated as fairly as the Donnelly Corporation ("Donnelly"), a competitor of Haines in the Chicago SAD market. This comparison between Illinois Bell's arrangements with Haines and Donnelly was adequately addressed by the district court when it concluded the activity did not amount to a Sherman Act violation. We agree and will discuss the issues briefly.

Our review discloses that the district court, in analyzing the essential facilities claim, properly considered whether Illinois Bell prevented access to its listings. In considering this claim, it is not necessary to consider the relevant market of the essential facility. The court need only consider whether the prices charged by Illinois Bell to all directory publishers provided access to those who sought such listings. In making this determination, the court concluded that Illinois Bell charged uniform rates to all listing purchasers under the same standard licensing agreements. Haines' relevant market assertion seeks

consideration of whether Haines was treated as fairly as its only competitor in the Chicago SAD market, Donnelly.

██ Although such a review limited by relevant market is not necessary, it was considered and rejected by the district court and its reacclamation does not fair any better before this Court. The district court concluded that "[t]he record does not establish that Donnelly paid less for listing information than Haines." Donnelly merely had a separate arrangement with Illinois Bell where it paid a negotiated sum for the listings, whereas Haines paid per listing under a standard licensing agreement. Illinois Bell billed Haines $55,155.78 for 1,968,421 listings in 1983 and $61,904.27 for 1,996,912 listings in 1984. Donnelly was charged $800,725 and $914,947 for its listings for each of those years respectively. The district court concluded that these figures did not demonstrate a denial of reasonable access to the listings. Furthermore, the court found there was no evidence that Haines attempted to negotiate any more favorable arrangements, as did Donnelly, but the option was surely available to it. Therefore, the district court's conclusion that this pricing was nondiscriminatory is not clearly erroneous.

██ The additional fact, asserted by Haines in support of this allegation, that the prices charged Haines for Illinois Bell's listings increased over those charged in prior years does not mandate a different result. The trial court determined there were legitimate business reasons for the change since the majority of the increase was related to Illinois Bell's business decision to switch from cost-based pricing to market-based pricing. This finding is amply supported by evidence in the record and is not clearly erroneous.

██ As further evidence of specific intent to monopolize, Haines claims Illinois Bell discriminated against it by tying the sale of listings it wanted to the purchase of unwanted listings. The district court found, however, that this arrangement existed solely because of Haines choice to purchase the listings in the least costly method. The court concluded that if Haines desired, Illinois Bell could have, and there is no evidence to show it would not have, provided only desired listings of specific geographic areas as part of a more expensive option. Such an arrangement, therefore, although different from Donnelly's arrangement of receiving only wanted listings, cannot support Haines' attempt to demonstrate specific intent by Illinois Bell to monopolize.

██ Furthermore, it is essential that there be two seperate and distinct products for the existence of a tying offense. *Collins v. Associated Pathologists, Ltd.*, 844 F.2d 473 (7th Cir.1988). In this case, the district court correctly found the listings only constituted one product and without "two products there can be no illegal tying arrangement." We agree.

Therefore, the district court correctly found that all the evidence Haines proffers does not raise a material issue of fact that Illinois Bell had the specific intent necessary to support a claim for an attempt to monopolize in violation of section 2 of the Sherman Act. Haines' evidence merely illustrates that it considers it was not treated as fairly as Donnelly. There is, however, no evidence in the record to support any unfair treatment, and in any event, such treatment does not support a violation of section 2. Haines has reasonable access to the white pages listings and was not prevented from purchasing only the listings it wanted. Therefore, Haines has not established the specific intent necessary to support its allegations.

### IV.

Haines' final claims concern the district court's grant of statutory damages and attorney fees. It alleges that the district court's grant of statutory damages was not supported by the evidence and that the grant of attorneys' fees was inappropriate based on the district court's erroneous conclusion that Haines did not attempt to settle the dispute.

Reviewing the court's grant of statutory damages, we note that a copyright infringer is liable for either the copyright owner's actual damages and any additional profits of the infringer, or statutory damages as provided for in 17 U.S.C. § 504. At any time before final judgment, the copyright owner may elect statutory damages instead of actual damages in the sum of not less than $250 or more than $10,000 for each infringement, as the court considers just.[1]

---

1. The statute has since been amended to increase the dollar amounts.

17 U.S.C. § 504(c) (1976). Illinois Bell opted for statutory damages and the district court considered an award of $8,250 for each infringement to be just to ensure that Haines "did not profit from violating the copyright laws, and to discourage future violations." The court then determined there were 28 acts of infringement and ordered a total damage award of $231,000.

 An award between the minimum and maximum statutory limits for copyright infringement damages is wholly within the trial court's discretion and sense of justice. *Markham v. A.E. Borden, Co.,* 221 F.2d 586 (1st Cir.1955). The damages awarded by the district court are within the statutory scheme established by Congress and totalled only approximately twice the amount requested by Illinois Bell under the license agreement. The judge determined such an award was justified to penalize Haines for its illbegotten profit and to deter future violations. Such considerations are wholly proper for a district court in granting copyright damages. *International Corwin Corp. v. Kowalczyk,* 855 F.2d 375, 383 (7th Cir.1988). A damage award greater than profits is also proper to put potential infringers on notice that "it costs less to obey the copyright laws than to violate them." *Id.* at 383. Therefore, we conclude the district court acted well within its discretion in determining the amount of damages.

Haines' closing contention is that the district court abused its discretion in awarding attorneys' fees for the copyright action. Haines claims it disputed Illinois Bell's copyright in good faith and has litigated the claim vigorously, and therefore the request for attorneys' fees should have been denied.

 Section 505 of the Copyright Act provides that a court "in its discretion may allow the recovery of full costs by or against any party ... [and] may also award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505. The purpose of an award of attorneys' fees in copyright cases is as much to penalize the losing party as to compensate the prevailing party. *Rose v. Bourne, Inc.,* 176 F.Supp. 605 (D.C.N.Y.1959) *aff'd.,* 279 F.2d 79 (2nd Cir.1960), *cert. denied,* 364 U.S. 880, 81 S.Ct. 170, 5 L.Ed.2d 103. The district court determined that Haines made

no attempt to resolve the matter with Illinois Bell and accordingly granted fees. It is entirely within the judge's discretion to consider this factor in awarding fees. *See Kowalczyk,* 855 F.2d at 384. Furthermore, Haines refused to pay for using Illinois Bell's listings after it declined to renew the license agreement the parties had used for the previous ten years. The court considered the earlier licenses to be evidence of Haines knowledge of Illinois Bell's copyright on the white pages and its deliberate infringement. In such a set of circumstances, we cannot conclude that the district court abused its discretion in awarding attorneys' fees.

## V.

The district court's finding that Haines violated Illinois Bell's copyright and failed to prove a Sherman Act violation is correct and its decision, including its award of statutory damages and attorneys' fees, is hereby AFFIRMED. It is so ordered.

## ORDER

This matter comes before the court for its consideration of the "PETITION FOR ALLOWANCE OF ATTORNEYS' FEES ON APPEAL" and the "PETITION FOR REHEARING, WITH SUGGESTION FOR REHEARING EN BANC".

No judge in active service has requested a vote on the petition for rehearing, and all of the judges on the original panel have voted to deny a rehearing.

On consideration of the petition for attorneys' fees on appeal, the action is remanded to the district court for its consideration of Appellee's statement of Attorneys' fees on appeal and appellants' opposition to appellee's request for attorneys' fees as well as any other proof necessary for its decision. Accordingly,

IT IS ORDERED that the petition for rehearing be, and the same is hereby, DENIED and the petition for attorneys' fees is REMANDED to the district court for disposition.